KATE GALLAHER V. CITY OF LINCOLN.

FILED DECEMBER 18, 1901.   No. 10,743.

Commissioner's opinion, Department No. 2.

1. **City Council: COUNTY BOARD: OFFICER'S SALARY: AUDITING AND ADJUSTING: MINISTERIAL ACT.** When a city council or a board of county commissioners audit and adjust the claim of an officer whose salary is prescribed by statute, they act ministerially and not judicially.

2. **Officer: COMPENSATION: LAW: STATE: COUNTY: SERVICES: BENEFIT: ESTOPPEL.** As between a citizen who has performed service as a public officer, for a compensation fixed by law, and a state or a county or a city which has received the benefit of the services so performed, no question of estoppel, as to compensation, can arise.

3. **Contract: PUBLIC POLICY.** A contract between an appointive officer of a city, whose salary is fixed by statute or ordinance, and a city council, by which such appointive city officer agrees to perform the duties of his office for a sum less than that prescribed by law, is against public policy and absolutely void.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Reversed.*

*Halleck F. Rose* and *Wellington H. England*, for plaintiff in error:

It is against public policy to permit the appointing officer or board to exact of an appointee, as a condition of appointment to office, surrender of any right, privilege or emolument appertaining thereto. The appointee is not bound by any agreement so exacted, but is entitled to collect the full salary notwithstanding. Such a contract amounts to bribery in its largest sense. Mechem, Public Officers, secs. 372, 373; Throop, Public Officers, sec. 456; *People v. Board of Police*, 75 N. Y., 38; *Purdy v. City of Independence*, 75 Ia., 356; *Kehn v. New York*, 93 N. Y., 291; *Goldsborough v. United States*, Taney [U. S. C. C.], 80.

Between a citizen and a state owing him money for services rendered, no question of estoppel can arise. *Montague v. Massey*, 76 Va., 307, 317.

A salary that is established by statute can not be increased or diminished by executive officers. *Dyer v. United States*, 20 Ct. Cl., 171; *Adams v. United States*, 20 Ct. Cl., 117.

*John P. Maule, E. C. Strode* and *D. J. Flaherty*, contra.

Argued orally by *Rose*, for plaintiff in error.

OLDHAM, C.

This is a suit in which the plaintiff sued the defendant, city of Lincoln, in the district court for Lancaster county, Nebraska, for $450, alleged to have been a balance due her as salary for services rendered as police matron of said city. There was no contest over the facts in the case, which were all either admitted by the pleadings and stipulation or testified to without contradiction. The undisputed facts are that the city of Lincoln is organized as a city of the first class, having more than 25,000 inhabitants; that the office of police matron in cities having more than 25,000 inhabi-

tants is created by statute (Compiled Statutes, 1899, ch. 13a, sec. 14a); that said statute provides a salary of $50 per month for the office of police matron; that the plaintiff was duly appointed police matron of said city, and served in said capacity for seventeen months; that she had received $400 from said city for her services; that at the time of her appointment as police matron she agreed with the mayor and excise board of Lincoln that she would serve in said office for the sum of $25 per month; that this amount was paid her at the end of each month for sixteen months of her service; that she afterwards filed an account with the city council of Lincoln for the full amount of her salary as provided by statute; that this account was disallowed by the city council, and that no appeal was taken from their action. On these undisputed facts the case was tried to the court without the intervention of a jury, and the court found for the defendant, and plaintiff brings error to this court.

Plaintiff in error has filed a most able and exhaustive brief in which the judgment of the district court is strongly assailed as being contrary to law, contrary to public policy, and entirely unsupported by the undisputed facts of the record in the case. The defendant city has not seen fit to favor us with a brief attempting to set forth any theory on which the judgment of the district court might be sustained. We think that a case involving so important a question of public policy as the one at issue in the case at bar was deserving of some attention on the part of the city of Lincoln. In the absence of a brief on the part of the defendant, we turn to the answer filed in the court below to gather the theory on which the city seeks to avoid this obligation. We find from the answer that three defenses appear to be relied upon. One was that the account having been filed with the city council, and disallowed by that body, and no appeal having been taken from such action, this constituted a judicial determination of the claim by which the plaintiff is bound. It must have been on this theory that the learned trial judge determined the contro-

versy in favor of the defendant, for under the undisputed testimony plaintiff, even on the city's theory of the amount she was to receive per month, would have been entitled to a judgment of $25. If the district court determined the controversy on this ground, its judgment was clearly erroneous; for when a city council or a board of county commissioners audit and adjust the claim of an officer whose salary is prescribed by statute or by ordinance, they act ministerially, and not judicially. *Kemerer v. State,* 7 Nebr., 130; *State v. Roderick,* 25 Nebr., 629; *Hazelet v. Holt County,* 51 Nebr., 716.

The next defense set up in the answer of the defendant was an estoppel, based on the theory that, plaintiff having received and accepted $25 per month for sixteen months of her services, she is now estopped from claiming any other compensation. This, then, presents the question: Can a public officer, whose salary is fixed by law, estop himself, as between himself and the government, from claiming full compensation by accepting an amount less than that prescribed by statute for such services? A careful examination of many authorities on this subject leads us to the conclusion that he can not. Among the well-digested opinions on this question is the case of *Montague v. Massey,* 76 Va., 307. The question arose in this case in this manner: The decedent, Judge Montague, had served for over a year as circuit judge of the state of Virginia. The legislature of that state had illegally attempted to reduce the compensation of his office from $2,000 to $1,600 per annum. Judge Montague accepted the compensation of $1,600 for over a year. After his death the administrator of his estate brought this action against the auditor of the state of Virginia to compel the auditor to issue a warrant for the full amount of compensation at the rate of $2,000 per year for the term for which the judge had served. The auditor defended on the theory of waiver and estoppel. In determining the case the court said: "The claim of Judge Montague's administrator can only be defeated upon one of two grounds,—either of estoppel or waiver. The doctrine of

estoppel can not be applied to this case. Estoppel must be reciprocal and mutual, and is founded upon the idea that the acts of the party estopped must result in injury to the other party, and generally that it would be a fraud if the right asserted be maintained. No such question can arise between the state and a citizen claiming money due from the state for services rendered." The doctrine herein announced has been quoted with approval by the text writers and by the courts of other states. In the case of *People v. Board of Police,* 75 N. Y., 38, this question was determined by the court of appeals of the state of New York under the following state of facts: Satterlee, the relator, had been appointed police surgeon of the city of New York. The salary of his office was fixed by statute at $2,250 per annum. At the time of Satterlee's appointment the board of police, by resolution, attempted to reduce the salary to $1,-500 per annum. Under this resolution the relator accepted the office, and discharged his duties for over two years, and drew the salary of $1,500, and then brought this action for the balance due at the rate of $2,250 per annum, the rate fixed by statute. The court of appeals sustained his claim, and held that his act in accepting a lesser compensation was neither a waiver nor an estoppel of his right to the full amount of the salary prescribed by statute. The doctrine of this case, and also of *Montague v. Massey, supra,* were each adhered to and quoted with approval in the case of *Kehn v. State,* 93 N. Y., 291. We therefore conclude that as between a citizen, who has performed service as a public officer, for a compensation fixed by law, and a state or a county or a city, which has received the benefit of the services so performed, no question of estoppel, as to compensation, can arise.

The only other question on which the defendant city seems to have relied is as to the validity of the contract entered into between the plaintiff and the excise board of the city for the performance of the services of her office for a less sum than that provided by statute. Contracts of this nature, when brought to the attention of courts, both in

this country and in England, have been universally held to be against public policy and absolutely void. A city council has no more authority to let out its appointive positions, where salaries are fixed by statute, or by ordinance, to the lowest bidder, than it has to receive a direct and overt bribe from an applicant as the condition for such an appointment. While the entering into such an illegal agreement as that which is admitted to have been made in the case at bar would have been a good cause for the removal of the plaintiff from the position which she procured by such means, yet this was a contract that went to her compensation only; and, as she was permitted to fulfill the duties of her office, her own wrong in entering into this agreement can not excuse the city from paying the salary fixed by statute, which is attached to, and one of the emoluments of, the office which she held. *Purdy v. City of Independence,* 75 Ia., 356. The injury to the public from contracts of this nature, both with reference to appointive and elective offices, is fully discussed, and most righteously denounced, in the case of *State v. Collier,* 72 Mo., 13, and *State v. Purdy,* 36 Wis., 213.

It is therefore recommended that the judgment of the district court be reversed, and that this case be remanded to the district court with directions to render judgment for the plaintiff for $450, with interest thereon at the rate of 7 per cent. from May 10, 1897.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded with directions to render judgment for plaintiff for $450, with interest thereon at the rate of 7 per cent. from May 10, 1897.

REVERSED AND REMANDED.