CHASE COUNTY, NEBRASKA, V. IDA M. KELLY.

FILED JUNE 18, 1903.   No. 12,915.

1. **County Superintendent:** SALARY.   Section 2, subdivision 7, chapter 79, Compiled Statutes, provides the minimum and not the maximum salary to be paid county superintendents in the various classes therein enumerated.

2. ———: DISCRETION.   In counties of less than 2,000 school population, the number of days which a county superintendent may be employed in the discharge of his office is left to the sound discretion of the superintendent himself.

3. **Board of Commissioners:** MINISTERIAL ACT.   When a board of county commissioners audit and adjust the claim of an officer whose salary is prescribed by statute, it acts ministerially and not judicially.   *Gallaher v. Lincoln*, 63 Neb. 339, followed and approved.

ERROR to the district court for Chase county: GEORGE W. NORRIS, DISTRICT JUDGE.   *Affirmed.*

*P. W. Scott,* for plaintiff in error.

*Webster S. Morlan* and *Charles W. Meeker, contra.*

OLDHAM, C.

The plaintiff in the court below was, during the year 1901, the legally elected, duly qualified and acting superintendent of public schools of Chase county, Nebraska. The school population of the county that year was 946, and the board of county commissioners had, prior to the year 1901, fixed the compensation of the county superintendent at $3.50 a day, for each day actually employed in the discharge of the duties of the office. Claims for salary at this rate were filed, audited and allowed from January to November, in the aggregate amount of $529.60. A subsequent claim for salary for the months of November and December of $80.50 was filed and rejected, because, as claimed by the board, the maximum salary that could be paid the superintendent, for one year, was fixed by the statute at $500. It was admitted that the services had

been actually performed and were necessary, and were charged for at the amount fixed by the board as the *per diem* of the superintendent. On an appeal taken from the order of the county board, disallowing the claim, trial was had to the district court and judgment was rendered for the claimant, and the county brings error to this court.

The only question involved in this controversy is the construction of section 2, subdivision 7, chapter 79, Compiled Statutes 1901 (Annotated Statutes, 11110), which is as follows:

"The county commissioners, or a majority of them present at the first regular session of each year, shall determine the compensation to be paid to the county superintendent, but such compensation shall not be less than twelve hundred dollars per annum in counties having a school population of five thousand or more; and not less than one thousand dollars per annum in counties having a school population of four thousand and less than five thousand; and not less than eight hundred per annum in counties having a school population of three thousand and less than four thousand; and not less than five hundred dollars per annum in counties having a school population of two thousand and less than three thousand; and in counties having a school population less than two thousand, a *per diem* of not less than three and one-half dollars, or more than five dollars, for each day actually employed in the duties of his office. The number of days necessary for the duties of his office shall be determined by the county superintendent, but the number of days so employed shall not be less than the number of school districts in said county, and one day for each precinct thereof, for the examination of teachers. The superintendent shall file in the office of the county clerk a sworn statement of his account."

As it is conceded that Chase county has a school population of less than 2,000, the compensation of the superintendent is fixed by this act at not less than $3.50 or more than $5.00 for each day actually employed in the

duties of his office, and the number of days he may be employed in each year, in excess of the minimum number fixed by statute, is left to the sound discretion of the superintendent.

An examination of the above section of the statute shows that, for the purpose of fixing salaries for county superintendents, the lawmakers divided the counties of the state into five classes, according to their school population. That they named a minimum salary that should be paid in each of these classes, but named no maximum salary, except as to the amount of *per diem* in counties of the least population. That, within these limits, the question of salary was left in the discretion of the boards of commissioners or supervisors of the various counties. Now the contention of plaintiff in error is, that we should read a provision into this statute, which would make the minimum salary in one class, the maximum salary of the next lower class, and that as the minimum salary of superintendents, in counties having over 2,000 population and less than 3,000, is $500, we should hold this to be the limit of the amount of compensation of superintendents in counties of less than 2,000. This is a demand for judicial legislation to which we are not inclined to accede. If, as contended by plaintiff in error, the lawmakers contemplated a uniformity of salaries for county superintendents in the counties of the various classes, they should and would no doubt have fixed a uniform compensation. But instead of this they simply named the low limit to be paid in each of the classes, except the last, and conferred on the county boards the power to fix salaries at or above this limit. If, as claimed under this provision, county superintendents in counties of less than 2,000 may actually receive more compensation than others in counties of greater population, this would present a good reason for legislative action, but not for judicial nullification of this statute, now in force. From the admitted facts in the case at bar, it appears that the salary claim was one fixed by statute; consequently, in allowing the claim, the board of county

commissioners acted in a ministerial and not a judicial capacity. *Gallaher v. Lincoln*, 63 Neb. 339. This evidently was the view of the learned trial judge.

It is therefore recommended that the judgment of the district court be affirmed.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.