CHARLES E. ABBOTT, APPELLEE, V. HAYES COUNTY, APPELLANT.

FILED APRIL 18, 1907.   No. 14,783.

Contract: VALIDITY. An agreement, express or implied, by a public officer to serve for less than the compensation fixed by law is contrary to public policy and void.

APPEAL from the district court for Hayes county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*W. S. Morlan* and *C. A. Ready,* for appellant.

*Starr & Reeder, contra.*

AMES, C.

In the fall of 1889, M. J. Abbott was a candidate for the office of county attorney for Hayes county for the then ensuing term of two years. The statute fixed the salary for that office at $500 a year, but Abbott, in support of his candidacy, represented to the public that, if he should be elected, he would not demand or accept compensation exceeding $300 a year. He was elected and served throughout the term, during which he presented quarterly salary claims of $75 each, which were allowed as being in full of his compensation, but there was no specific stipulation between him and the board that they were such, and there was never at any time any agreement that his salary should be other or different than the sum fixed by statute. After the expiration of his term of office the plaintiff, as his assignee, presented to the county board a claim for $400, as for an unpaid residue of his salary. The board rejected the claim, and the plaintiff appealed to the district court, where he recovered a judgment for the amount of his demand, with interest. From the judgment the county appealed to this court.

There is no dispute about the facts. The case is ruled by *Gallaher v. City of Lincoln,* 63 Neb. 339. Counsel for the defendant seek to distinguish between the two cases because of the single circumstance that in the case cited there was a pretended contract by the terms of which the plaintiff undertook to serve for less than the statutory salary, while in the present instance there was no such agreement. We think the distinction is without a difference in principle. Indeed, it does not appear to us that the distinction itself exists. In the case cited there was a formal agreement which, but for considerations of public policy, would have been valid, and which, but for such consideraion, would have been ratified and renewed at every pay day. In this case there was no formal agreement, but there was a transaction every three months which, but for such considerations, would have amounted

to an implied agreement to the same effect, and from such implication, and from it alone, counsel argues that there was on each such occasion a donation by the officer to the county of the undemanded residue of his salary. But, if so, there was in similar circumstances a series of successive donations by the police matron to the city, for the void formal agreement cannot be assumed to have influenced her conduct or that of the city council, or to have restrained or prevented the exercise of her benevolent impulses. It is not worth while to repeat the argument contained in the former case, with which we are well satisfied, and which expresses the deliberate judgment of this court.

We recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.