G. F. BODENHOFER, Appellant, v. W. A. HOGAN.

**Officers:** DEPUTY SHERIFFS: COMPENSATION: CONTRACTS. It is the duty of each sheriff to appoint a deputy and of the supervisors to fix his salary, to be paid by the sheriff from the compensation allowed him; and where the appointment has been made in compliance with the statute the sheriff can not defeat recovery of the salary so fixed by establishing a special contract for performance of only part of the service usually required of a duly appointed deputy, and for less consideration than that fixed by the board.

**Contracts of Public Officials:** PUBLIC POLICY: COMPENSATION. The contract of a public officer to render services required of him for less than the compensation provided by law is against public policy and void. Under this rule the agreement of a deputy sheriff with his principal to accept a less compensation than that fixed by the board of supervisors, though not necessarily void prior to action of the board, is by the action of the board rendered void as against public policy from the time the appointment is confirmed and the salary fixed by the board.

**Same:** RECOVERY OF COMPENSATION. Although a deputy sheriff may have entered into an illegal contract with his principal to accept less compensation than that legally fixed by the supervisors, that fact will not defeat his recovery of the lawful salary from the sheriff, where he is liable for the same, and the action is not based upon the contract. Nor will the sheriff be permitted to plead and prove the illegal contract in defense of the action.

**Same:** ESTOPPEL. A deputy sheriff whose salary is payable by the sheriff is not estopped to recover his full compensation, as fixed by the supervisors, by reason of the fact that he has accepted a less sum from the sheriff under an illegal contract with him; there being no consideration for the acceptance of the reduced amount.

*Appeal from Jones District Court.*—HON. MILO P. SMITH, Judge.

SATURDAY, APRIL 10, 1909.

ACTION brought by plaintiff, a deputy sheriff of Jones County, to recover from defendant, the sheriff of that county, an amount alleged to be due as compensation for performing the duties of deputy under appointment for the year 1906. There was a judgment for plaintiff in the sum of $72 admitted by defendant to be due, and a judgment for defendant for costs. Plaintiff appeals.—*Reversed.*

*Herrick & Bauder* and *Remley & Remley,* for appellant.

*B. H. Miller* and *W. I. Chamberlain,* for appellee.

McCLAIN, J.—The statutory provision relating to the appointment and compensation of deputy sheriffs is: That each sheriff shall in writing appoint one or more deputies from whom he shall require a bond, which appointment and bond shall ·be approved by the officers having the approval of the principal's bond, and such appointment may be revoked in writing, all appointments and revocations to be filed and kept in the auditor's office; that the board of supervisors shall fix the number of deputies and the salary of each, and "the chief deputy shall be paid by the sheriff out of the compensation allowed him under the provisions of the preceding section, and all other deputies shall be paid by the county." Acts 29th General Assembly, chapter 27 (Code Supp. 1907, section 510b).

During the year 1905 the plaintiff was the deputy sheriff for Jones County, and defendant was the sheriff,

and at the September meeting of the board of supervisors in that year the board fixed the salary of deputy sheriff at $50 per month until January 1, 1906.    At its January meeting, 1906, on the 5th day of January, the board of supervisors by proper resolution fixed the salary of deputy sheriff for that year at $50 per month to be paid to him out of the compensation allowed the sheriff as required by the statute above recited.    Two days previous to this last action of the board, the defendant, as sheriff, had in writing appointed plaintiff as his deputy, and the plaintiff had accepted the appointment by filing his bond, to which was attached an oath of office, and this bond had been approved on the same day by the board (see Code, section 1188), and the written appointment was indorsed on the back as approved by the county auditor.    No question is made as to the regularity of the appointment of plaintiff, so far as the necessary formal action by the sheriff and the county authorities is involved, nor as to the discharge by the plaintiff of the duties of his office during the year 1906.    Alleging these facts, plaintiff seeks to recover compensation from the defendant at the rate fixed by the board of supervisors, asking judgment for $480.50, the amount due after crediting defendant with $119.50 paid to him at various dates during the year. The defense is that plaintiff was not hired or appointed deputy sheriff under and by virtue of any resolution passed by the board of supervisors, but under an agreement that he should perform all the services necessary and required of him for the compensation of $200 per year, payable at the rate of $40 and expenses at the close of each of the four terms of court, except that at the close of the fourth term the balance of the agreed annual compensation should be paid to him, and that at the close of each of the terms of the court, three in number, prior to October 12, 1906, the defendant paid the plaintiff in full under the contract, and plaintiff accepted and acknowledged the

money so paid to be in full payment and satisfaction of the amounts due him as deputy sheriff, and defendant offers to pay a balance of $72, being the full amount remaining due plaintiff for services for the year 1906 under said contract. Plaintiff's motion to strike from the answer all the allegations relating to an alleged agreement to receive less than the compensation provided by the board of supervisors and alleged acceptance of compensation in full satisfaction of services rendered up to October 12th, on the ground that such allegations were incompetent, irrelevant and immaterial was overruled, and upon admissions by plaintiff that he solicited his appointment in January, 1906, and was informed by defendant that the services of a deputy sheriff were not required except during court time, and that those required were not worth the sum of $50 per month, and that defendant declined to hire or appoint him at a salary of $50 per month, and that he offered to accept the position for the agreed compensation of $200 per year payable as alleged by defendant, and on the further admission by both parties that plaintiff was the only deputy that defendant had during the year 1906, judgment was rendered in plaintiff's favor for the sum of $72, admitted by defendant to be due under the alleged contract, and against plaintiff for the costs of the action.

It is practically conceded in argument for defendant that plaintiff was during the year 1906 the "chief deputy," as he was the only deputy, and that his compensation was fixed by the board at $50 per month, payable according to law by the defendant. But defendant's contentions are, as we understand them, these: First, that plaintiff was not appointed such deputy as contemplated by statute, but under a special contract to perform only a part of the services which might have been required of a deputy duly appointed; second, that plaintiff was a party to an illegal agreement with reference to his appointment, an agree-

ment against public policy, and therefore not entitled to recover any compensation whatever; and, third, that plaintiff, by accepting payment under the alleged illegal contract in full of services rendered thereunder, is barred from recovering the compensation provided by statute.

I.   The claim that plaintiff was not appointed under the statute, but under a private agreement with defendant that he perform the duties of deputy at a different rate of compensation than that fixed by the board of supervisors in pursuance of the statutory provision, is entitled to no consideration whatever.   There was a formal appointment, an acceptance, a fixing of compensation, and the performance of services, all as contemplated by the statute. Defendant had no authority whatever to make a private arrangement with the plaintiff to discharge the duties of deputy without being appointed deputy as contemplated by law.   The statute expressly requires that there shall be a deputy, and when only one deputy is provided for, he is necessarily the "chief deputy," whose compensation is to be paid by the defendant, and the board of supervisors so expressly provided.   Defendant, being under obligation to appoint one deputy whose compensation should be paid by him at a rate fixed by the board of supervisors, could not escape the duty of paying such compensation by a private arrangement to have the duties of deputy discharged by contract at a less rate of compensation.   No appointment of deputy is valid unless approved by the board, and the approval of the board was of the appointment of plaintiff as the deputy provided for by law.   Without such approval plaintiff's appointment would be invalid, and his acts as deputy would not be lawful. *Buck v. Hawley,* 129 Iowa, 406.

II.   The illegality of the alleged contract is pleaded by the defendant.   Plaintiff makes out his case by alleging and proving the appointment in accordance with law,

*1. OFFICERS: deputy sheriff: compensation: contracts.*

carrying with it a compensation fixed by law. Now it

seems to us self-evident that the defendant

**2. CONTRACTS OF PUBLIC OFFICIALS: public policy: compensation.** will not be allowed to plead his own wrong for the purpose of avoiding his statutory obligation to pay plaintiff the compensation

fixed by law. That such a contract as defendant alleges to have been made with plaintiff is void as against public policy is not seriously questioned. The statute contemplates and requires the appointment by defendant of a deputy for the entire time of his occupancy of the office of sheriff, and he could not be allowed to omit making such appointment for the purpose of escaping payment of the compensation required by him to be paid, nor could he by private contract relieve himself of a portion of his liability. That contracts on the part of a public officer to render services required of him for less than the compensation provided are against public policy has been fully settled in this and other States. *Daniels v. Des Moines,* 108 Iowa, 484; *Peters v. Davenport,* 104 Iowa, 625; *Purdy. v. Independence,* 75 Iowa, 356; *Robertson v. Robinson,* 65 Ala. 610 (39 Am. Rep. 17); *Hall v. Gavitt,* 18 Ind. 390; *Emmitt v. Mayor of New York,* 128 N. Y. 117 (28 N. E. 19); *Kehn v. New York,* 93 N. Y. 291; *Hope v. Linden Park, etc., Ass'n,* 58 N. J. Law, 627 (34 Atl. 1070, 55 Am. St. Rep., 614).

The theory of counsel for defendant is that plaintiff was *particeps criminis* in the illegal contract, and therefore his cause of action is defeated; and this would be so

if he were depending on the illegal contract

**3. SAME: recovery of compensation.** to make out his case. But he has a perfectly good cause of action without reference to any illegal contract, and defendant can not be

allowed to plead and prove in his own behalf an illegal contract to defeat plaintiff's recovery.

It is to be further noticed that the alleged illegal agreement was made on or before the 3d of January, and

before the board of supervisors had acted with reference
to the compensation to be allowed the deputy for the en-
suing year.   When the board came to act with reference
to the compensation for deputy, they might have fixed
such compensation at the rate agreed upon between de-
fendant and plaintiff.   Had they done so, the whole ar-
rangement would have been perfectly valid, and there-
for the agreement between defendant and plaintiff was
not at the time it was entered into necessarily illegal.
Such arrangement only became illegal when the board so
fixed the compensation of the deputy that it was greater
than the compensation agreed upon between defendant and
the plaintiff when the appointment of plaintiff was made.
In short, the situation was simply this:   The defendant
and the plaintiff had no power to make an agreement for
a less compensation than that which should be provided
by the board, but until the board acted an understanding
that a specified rate of compensation would be satisfactory,
provided it was approved by the board, was not against
public policy.   The element of public policy enters into
the case only when defendant insists that he shall not
pay to the plaintiff the compensation fixed by the board
in accordance with the authority given it by law.   Clearly
the action of the board could not be controlled by defend-
ant's private contract.   If there had been any authority
to appoint a deputy otherwise than by the approval of
the board of supervisors, and at a rate of compensation
to be fixed by it, then there might be some force in the
defendant's contention that plaintiff's appointment was
under this authority, and not under the authority of the
statute, and the case of *Daniels v. Des Moines,* 108 Iowa,
484, might be applicable, in which it was held that a
police matron appointed under resolution of a city was
not necessarily entitled to the compensation authorized to
be paid police matrons appointed under provisions of stat-
ute, but, as already indicated, defendant had no author-

ity to appoint a deputy otherwise than as provided by statute, and it was his duty to make an appointment under the statute, and it is not for him now to say that he attempted unlawfully to provide a deputy in some other manner.

III.   If, as already indicated, plaintiff was entitled to receive from defendant compensation at the rate fixed by the board of supervisors, his acceptance of part payment in full for his services would not relieve defendant from obligation to make full payment.   An agreement to release a debtor on part payment of the amount acknowledged to be due as between them, without other consideration for such release, is not binding.   *Kelley v. Strong,* 104 Iowa, 585; *Marshall v. Bullard,* 114 Iowa, 462.   And with direct reference to such a situation as is now before us it has been held that one who is entitled to a statutory compensation can not estop himself by receiving a less amount in full compensation from afterwards insisting on full payment.   *Gallaher v. Lincoln,* 63 Neb. 339 (88 N. W. 505); *Abbott v. Hayes County,* 78 Neb. 729 (111 N. W. 780); *Kehn v. New York,* 93 N. Y. 291; *People v. Board of Police,* 75 N. Y. 38.

4. SAME: estoppel.

The allegations of defendant's answer with reference to the contract between plaintiff and defendant at the time of plaintiff's appointment, and also with reference to the acceptance by plaintiff of a less amount of compensation than that fixed by the board of supervisors, should have been stricken from the answer, and judgment should have been rendered for the plaintiff for the full amount of compensation authorized by the board of supervisors, less the amounts received from defendant.

The judgment is *reversed.*