RUSSELL et al. v. CORDWENT et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 15, 1912. Rehearing Denied Nov. 30, 1912.)

CONTRACTS (§ 125*)—COMPENSATION OF COUNTY CLERK—REMITTING FEES.

Since the statute prescribes the county clerk's fees for transcribing the records and making new indexes, a contract between the county clerk and county commissioners fixing the clerk's compensation for such work even for less than the legal amount was invalid; the county clerk under Pen. Code 1911, art. 113, and Rev. Civ. St. 1911, art. 3892, having no right to remit any part of his fees.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 583–585; Dec. Dig. § 125.*]

Appeal from District Court, Callahan County; T. L. Blanton, Judge.

Suit by Richard Cordwent and others against C. D. Russell and others to enjoin execution of a contract. From judgment for plaintiffs, defendants appeal. Affirmed.

F. S. Bell, of Baird, for appellants. W. L. Grogan, of Abilene, and J. Rupert Jackson, of Baird, for appellees.

SPEER, J. Richard Cordwent and a number of other citizens of Callahan county filed this suit against C. D. Russell, county judge, R. L. Surles, county clerk, and the other defendants, as county commissioners of said county, seeking to enjoin the execution of a contract made by the county commissioners' court with the defendant Surles, whereby the county had agreed to pay to said Surles the sum of $2,500 for the reindexing of the county records of Callahan county. The following offer and acceptance are sufficient to show the terms of the contract, to wit:

"Offer: Hon. Commissioners' Court of Callahan County, Texas. I hereby submit this proposition for the reindexing of the Callahan county records. I agree to do the work in good shape furnishing the cards to do the transcribing work and the typewriter to be used in said work. I agree to do the work for the sum of two thousand, five hundred dollars to be paid as the work progresses. I agree to insert the date of each instrument in each index. R. L. Surles."

"Acceptance: It is ordered by the court that the proposition of R. L. Surles, county clerk, for reindexing of the county records of Callahan county, Texas, be, and the same is, hereby accepted, for which he is to receive the sum of two thousand, five hundred dollars to be paid as the work progresses."

The trial court instructed the jury that such contract was unauthorized by law, and they should therefore return a verdict in favor of the plaintiffs, which was accordingly done, and from the judgment based thereon the defendants have appealed.

The question here involved was, in effect, decided by this court in Tarrant County v. Butler, 35 Tex. Civ. App. 421, 80 S. W. 656, where it was shown that the duty of transcribing the county records properly devolved upon the county clerk, and that for such services the law had fixed the compensation, which compensation constituted fees of office within the meaning of our statutes. This being true, after the commissioners' court had determined that the necessity existed for having its records transcribed or new indexes made, it was no longer a matter of bargaining between the commissioners and the county clerk as to the compensation the latter should receive for such work. The law fixes this, and neither party has the power to alter it. It may be that the work at the rate for 100 words prescribed by statute will exceed the sum agreed to be paid, but this could give no validity to the contract, and, if it does, the recovery would be according to the fees prescribed by statute, and not according to the agreement of the commissioners' court. In other words, the contract for compensation has no validity, but it is the duty of the county clerk to perform the services indicated, and to collect therefor at the rate and in the manner prescribed by statute. What that rate is is a

question in no manner before us, and we do not decide it.

The judgment of the district court enjoining the appellants from carrying out the contract to pay $2,500 for the services indicated is therefore affirmed.

## On Rehearing.

In a motion for rehearing appellants insist that, since evidence was offered tending to show that $2,500 was less than the proposed work would amount to when computed at the rate prescribed by statute, the injunction should for that reason have been refused, and that we should for the same reason reverse the trial court's judgment granting it. The motion for rehearing was submitted, and at a later date we set aside the order of submission, and referred back to counsel for argument and citation of authorities whether or not article 113 of our Penal Code, making it a misdemeanor for certain county officials to fail to charge up the fees of their office, was applicable to the county clerk of Callahan county. The matter is again before us, and the proposition again pressed that appellant Surles, as county clerk, had a perfect right to contract with the commissioners' court of Callahan county to do the work which he undertook to do for a less sum than the fees prescribed by statute for such work.

The contention is based upon the assumption that the officers of Callahan county are not affected by article 3881 et seq. of the Revised Statutes 1911. Those articles purport to prescribe the maximum salary of certain officials, including county clerks for every county in the state. In order to determine when that maximum is reached, it is prescribed in articles 3894 and 3895 that certain reports under oath are to be made. Article 113 of our Penal Code provides: "Any official named (in those articles) who shall fail to charge up the fees or costs that may be due under existing laws, or who shall remit any fees that are due under the laws, or who shall fail to make the report required by law, or who shall pay his deputy or assistant a less sum than the amount specified in his sworn statement or receive back any part of such compensation allowed such deputy or assistant as a rebate, shall be deemed guilty of the misdemeanor," etc. Clearly, the county clerk of Callahan county falls within this article of the Penal Code, and is forbidden by it the right to remit any part of the fees of office lawfully owing to him, unless article 3898, Revised Statutes 1911, makes the Code inapplicable to him. That article reads: "The officers named in articles 3881 and 3886 in those counties having a population of 15,000 or less shall not be required to make a report of the fees as provided in article 3895, or to keep a statement provided for in article 3894." It will be observed, however, that this exemption is only from a compliance with articles 3894 and 3895, and does not purport to exempt any one from those provisions which require officers to charge up the fees or costs that may be due under existing laws and forbids them to remit any fee that may be due under the laws. In this connection it is noteworthy that article 3892, Revised Statutes 1911, also declares: "It shall not be legal for any officer to remit any fee that may be due under the law fixing fees." We may assume that Callahan county has less than 15,000 population when determined, as the statute declares it shall be by the "vote cast at the last preceding presidential election," and that the Legislature conclusively presumed that in such counties the amount of all fees and costs collected by county officials would not exceed the maximum allowed by article 3881, and for that reason exempted them from making the reports required of officers in more populous counties. But it does not follow from this at all that they are to be exempted from the other requirements of the civil and penal statutes already noticed of which the contract under consideration is in violation. A most excellent reason for the laws forbidding county officers in any county from remitting their fees or any part of them is apparent. It is unjust that a citizen of any county should be required to pay more for the performance of an official act than another citizen in another county is required to pay for precisely the same service. Moreover, such a practice, if permitted, might tend to favoritism amongst litigants and residents paying costs and fees even in the same county. But whether there is reason for such law or not, if the Legislature has clearly prohibited such act, the law is valid. We think the statutes cited are plainly capable of no other interpretation, and we adhere to our original conclusion that the contract under consideration is void as against the statutes of the state, and the trial court committed no error in ordering an injunction against its execution.

The motion for rehearing is overruled.