## CRUTCHER v. JOHNSON COUNTY.
### No. 1564.

Court of Civil Appeals of Texas. Waco.
Jan. 31, 1935.

Rehearing Denied Feb. 28, 1935.

Cline & Cline, of Fort Worth, and Walker & Baker, of Cleburne, for appellant.

F. E. Johnson and J. K. Russell, both of Cleburne, for appellee.

ALEXANDER, Justice.

This action was brought by T. B. Crutcher against Johnson county to recover the sum of $266.66, claimed to be due the plaintiff as the balance of his unpaid salary for his services as county commissioner of Johnson county from July 1, 1931, to November 1, 1932. The case. was tried before a jury, and resulted in a verdict for the defendant. The plaintiff appealed.

Crutcher was county commissioner of Johnson county from January 1, 1931, to December 31, 1932. During said time his salary was fixed by statute at $2,000 per year, payable in monthly installments of $166.66 each. Revised Statutes, art. 2350, as amended by Acts 1927, 1st Called Sess., c. 46. On June 16, 1931, the commissioners' court of Johnson county, of which plaintiff was a member, adopted a resolution making a reduction of 10 per cent. in the salaries of all county officials, both elective and appointive, effective July 1, 1931, and continuing until further ordered by the court. The plaintiff voted for the adoption of said resolution. Thereafter, monthly salary warrants in the amount of $150 each were issued to the plaintiff, and cashed by him. This continued until November 1, 1932, at which time the order reducing salaries was rescinded by the commissioners' court. The only issue. submitted to the jury was whether or not the plaintiff gave 10 per cent. of his salary to the county from July 1, 1931, to November 1, 1932. The jury answered the issue in the affirmative. The plaintiff challenges the sufficiency of the evidence to support the verdict.

All parties concede that since the salary of county commissioners was fixed by an act of the Legislature, the commissioners' court of Johnson county had no authority to change same, and that, as a consequence, the order of said court attempting to reduce plaintiff's salary was void. If the judgment of the trial court denying the plaintiff a right

to collect his unpaid salary can be sustained at all, it must be on the theory that plaintiff gave a portion of his salary to the county, or that he has waived his right, or estopped himself, to demand or receive the same.

■ We will first discuss appellee's contention that the evidence shows a gift to the county. The only circumstance in evidence tending to show that plaintiff gave a portion of his salary to the county is the fact that the plaintiff voted for the resolution reducing his salary in the future, and thereafter received and cashed salary warrants for less than the amount due him under the law. At common law, in order to sustain a gift inter vivos, it is not only essential that the transaction be fully executed, but it must clearly appear that there was an intention on the part of the donor that the gift should take effect in præsenti and not at some future date. 21 Tex. Jur. 25; 28 C. J. 629, 647; 12 R. C. L. 932; McFerrin v. Temple Mann, 102 Tex. 530, 120 S. W. 167. In order to constitute a valid gift of a debt due to the donor by the donee, there must not only be an intention that the gift should take effect at once and not at some future date, but the intention to forgive the debt must be fully executed. 12 R. C. L. 944; 28 C. J. 666; Note Ann. Cas. 1915A, p. 20. At the time plaintiff, as county commissioner, voted to reduce the salaries of all county officials, the county was not indebted to him in any sum. At that time there was no debt for him to forgive. The resolution voted for by the plaintiff amounted at best to a mere promise on his part to forgive a part of the county's debt to him at some future date, or rather a promise to serve the county at a future date for a salary less than that provided by law. It was a mere promise to do something in the future, and hence, under the authorities above cited, it lacked the necessary elements to make it a valid gift.

■ We are also of the opinion that the promise on the part of the plaintiff to serve as county commissioner for less than the salary fixed by the Legislature was contrary to public policy, and void. It is to be presumed that the Legislature, in fixing the salary to be paid to those who filled the various public offices of this state, did so with due regard to the nature of the service and the character of the individual needed to fill the office, and the type of officer that could be obtained for the salary offered. If a candidate for public office is permitted to obtain appointment or election by a promise to serve for less than the amount fixed by the Legislature, or if,

after having obtained appointment or election, he is permitted to more securely entrench himself in office by such a promise, and thus bring about his reappointment or reelection, such practice will ultimately result in the virtual auctioning off of official positions to the lowest bidder, and the obtaining of the least efficient employees to fill the positions. Those capable of earning the salary fixed by the statute, and of the type contemplated by the Legislature, will be eliminated by such competitive bidding, so that none but the inefficient will be available for selection to fill the offices. Official morality and public policy alike prohibit the undermining of the public service by permitting officers to thus make merchandise of their official services. Such promises by public officials have been condemned as contrary to public policy, not only by the Supreme Court of this state, but by the federal courts, and the Courts of Appeals of almost every other state in the Union. 10 Tex. Jur. 213; 13 Cor. Jur. 441; 22 R. C. L. 538; Gulf, C. & S. F. R. R. Co. v. Hume, 87 Tex. 211, 27 S. W. 110; Russell v. Cordwent (Tex. Civ. App.) 152 S. W. 239; Glavey v. United States, 182 U. S. 595, 21 S. Ct. 891, 45 L. Ed. 1247, 1252; Miller v. United States (C. C.) 103 F. 413; Bodenhoffer v. Hogan, 142 Iowa, 321, 120 N. W. 659, 134 Am. St. Rep. 418, 19 Ann. Cas. 1073; City of Winchester v. Azbill, 225 Ky. 389, 9 S.W.(2d) 51; Galpin v. City of Chicago, 269 Ill. 27, 109 N. E. 713, L. R. A. 1917B, 176; Abbott v. Hayes County, 78 Neb. 729, 111 N. W. 780; Gallaher v. City of Lincoln, 63 Neb. 339, 88 N. W. 505; Pitsch v. Continental and Commercial National Bank, 305 Ill. 265, 137 N. E. 198, 25 A. L. R. 164; Robertson v. Robinson, 65 Ala. 610, 39 Am. Rep. 17; Willemin v. Bateson, 63 Mich. 309, 29 N. W. 734; Nelson v. City of Superior, 109 Wis. 618, 85 N. W. 412; Brown v. First National Bank, 137 Ind. 655, 37 N. E. 158, 24 L. R. A. 206.

■ Under the well-settled rule in this state, the plaintiff did not waive his right to the balance of his unpaid salary, nor estop himself to claim same, by receiving and cashing monthly salary warrants for less than the amount due him. State v. Steele, 57 Tex. 200; Greer v. Hunt County (Tex. Com. App.) 249 S. W. 831; Smith v. Wise County (Tex. Civ. App.) 187 S. W. 705.

It appears that this case has been fully developed, and that the county has failed to show any good reason why the balance of plaintiff's salary should not be paid to him.

The judgment of the trial court is therefore reversed, and judgment here rendered in favor of plaintiff for the full amount sued for.