

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 10, 1962

Honorable Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Dear Mr. Wade:

Opinion No. WW-1238

Re: Waiver of salary of
District Clerk when
called into the Military
Service.

You have requested an opinion on these questions:

1. While serving in the Armed Forces of the United States, and if he elects to do so, may the District Clerk of Dallas County, Texas, legally waive the salary to which he is entitled as District Clerk?

2. Would such a waiver if executed, effectively bar later assertion of a claim for the salary which might have been due in the absence of such waiver?

In the view which we take, these questions may be answered together. First, what is a waiver? Black's Law Dictionary says:

"Waiver is the intentional or voluntary relinquishment of a known right."

This seems to be the standard definition. Relinquish means "to withdraw from; to abandon; to give up, to renounce a claim to;" Webster's New Collegiate Dictionary. When a thing is waived it is given up "for keeps." With a genuine bona fide waiver there are no strings attached. A waiver denotes finality.

The intent not to receive a salary while one is temporarily at other employment, such as serving in the army, but with the intent to come back later and claim the back pay, is not a waiver at all; it is merely a deferment in receiving pay.

"Waiver, strictly speaking, is essentially unilateral in character; . . . it results as a legal consequence from some act or conduct of the party against whom it operates; and no act of the party in whose favor it is made is necessary to complete it."

Keel v. Kilgore Transfer & Storage, 238 S.W.2d 738, 741 (err.ref.)

We quote from the syllabus in the following case:

"Waiver is essentially unilateral resulting as a legal consequence from some conduct of party against whom it operates, and no act of party against whom it operates and no act of party in whose favor it is made is necessary to complete it.

"Waiver need not be founded upon a new agreement supported by consideration or based upon estoppel."

Reserve Life Ins. Co. v. J. B. Martin, 312 S.W.2d 321 (Civ.App. 1958, error ref., n.r.e.).

"Waiver implies abandonment and not reservation for future use and in suit for injunction a 'waiver' or failure to seek pecuniary relief cannot be construed as a lawful segregation for future litigation of the recovery so waived."

Words & Phrases, Vol. 44 p. 520, citing 269 Fed. 630, 632.

Corpus Juris Secundum says that a waiver is "the voluntary abandonment or surrender by a capable person of a right known by him to exist with the intent that such right shall be surrendered and such person deprived of its benefit."

92 C.J.S., pages 1047, 1048.

We further quote from the same text:

"It involves the concept of an intention entertained by the holder of some right to abandon or relinquish instead of insisting upon the right and implies abandonment, not segregation for future use." (Emphasis added)

92 C.J.S., page 1049.

We are not unmindful of the line of authorities to the effect that a public official may not legally make an agreement to accept a smaller salary than that provided by law. Such an agreement is said to be against public policy and void.

In Crutcher v. Johnson County, 79 S.W.2d 932 (Civ. App. 1935, Judge Alexander set forth the basic reasoning behind such rule by stating:

"We are also of the opinion that the promise on the part of the plaintiff to serve as county commissioner for less than the salary fixed by the Legislature was contrary to public policy, and void. It is to be presumed that the Legislature, in fixing the salary to be paid to those who filled the various public offices of this state, did so with due regard to the nature of the service and the character of the individual needed to fill the office, and the type of officer that could be obtained for the salary offered. If a candidate for public office is permitted to obtain appointment or election by a promise to serve for less than the amount fixed by the Legislature, or if, after having obtained appointment or election, he is permitted to more securely entrench himself in office by such a promise and thus bring about his re-appointment or re-election, such practice will ultimately result in the virtual auctioning off of official positions to the lowest bidder, and the obtaining of the least efficient employees to fill the positions. Those capable of earning the salary fixed by the statute, and of the type contemplated by the Legislature, will be eliminated by such competitive bidding, so that none but the inefficient will be available for selection to fill the offices. Official morality and public policy alike prohibit the undermining of the public service by permitting officers to thus make merchandise of their official services. Such promises by public officials have been condemned as contrary to public policy, not only by the Supreme Court of this state, but by the federal courts, and the Courts of Appeals of almost every other state in the Union. . . ."

However, we are of the opinion that the fact situation herein presented is distinct and distinguished from the holding in Crutcher v. Johnson County, supra.

A District Clerk who is ordered into the military service must by necessity be absent from his official duties as District Clerk, and is, therefore, unable to "serve" in his official capacity. Although his absence does not create a vacancy in such office, such absence does create a situation which prevents him from performing the duties of his office.

We fail to see that a waiver of a salary for services not performed due to a military absence would "be injurious to the public or against the public good" or that such waiver under the presented facts would have a "tendency to be injurious to the public."

There is nothing in the Crutcher case nor in the other cases of similar holding from which we could conclude that the attempt by your District Clerk to waive his salary under the conditions which you mention would be against public policy, nor do we find anything else which would prevent such a waiver from being perfectly lawful and binding.

There is a line of authority to the effect that sometimes an ostensible waiver is really only an agreement to waive. Roberts v. Griffith, 207 S.W.2d 443 (Civ.App. 1948, error ref.) 92 C.J.S., p. 1055. The agreement is held to be an executory contract, requiring a consideration to support it just like any other contract or there must be something to create an estoppel.

To eliminate all doubt as to the finality of the intention of the District Clerk to relinquish his salary without "strings" and without any intention to seek recovery thereof upon his return from the military service, it is suggested that the Clerk execute a commitment waiving such salary.

Under a commitment to the Commissioners Court it would seem to make little difference whether the arrangement be regarded as a waiver of salary or as an executory agreement to waive. In speaking of the latter alternative the following authority appropriately says:

"Where there is no consideration, a promise or permission . . . if supported by action in reliance thereon, may excuse performance in the future of a condition or an obligation not due at the time." 16 C.J.S., page 1056.

The following case is in point:

"Where insurer under an automobile liability policy waived its rights to defend an action against insured, the right was lost forever and could not be reclaimed without the consent of insured who was thereby caused to obligate himself for an attorney's fee to an attorney retained by him and otherwise change his position."

**Witt v. Universal Auto Ins. Co.**, 116 S.W.2d 1095 (Civ.App. 1938, error dism.).

In Attorney General's Opinion No. O-5102 (1943) it was held that it was solely a matter of personal propriety for a District Attorney entering the military service to determine whether he wished to hold office and draw his salary and that he could legally do both if he wanted to.

However, our Supreme Court has specifically held that the salary may be waived. In Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147 (1942), the Supreme Court had before it a case concerning the entrance of a District Judge into military service. The Court stated:

". . . Judge Dixon did not announce his resignation as District Judge at the time he entered the Army, nor did he publicly renounce his claim to the office, but he did specifically waive the compensation allowed by law while serving in the armed forces. . . ." (Emphasis added)

Thus the Supreme Court has set at rest the question of whether public officials upon entering the military service may effect a waiver of salary. Therefore, the District Clerk's action, as outlined above, would be a "waiver" and not merely an executory agreement for a waiver. To sum up the legal effect of a waiver we quote from the following authority:

"It is generally recognized that if a person in possession of any right waives that right he will be precluded thereafter from asserting it or from claiming anything by reason of it. That is, once a right is waived it is gone forever, and it cannot be reclaimed or recaptured, and the waiver cannot be retracted, recalled or expunged." 92 C.J.S., page 1069.

We therefore answer both of your questions in the affirmative.

## S U M M A R Y

While serving in the Armed Forces of the United States, if he elects to do so, the District Clerk of Dallas County may legally waive his salary.

Honorable Henry Wade, page 6 (WW-1238)

　　　　Such a waiver, if executed, would effectively
bar a later assertion of a claim for the salary
which might have been due in the absence of such
waiver.

　　　　　　　　　　　　　Yours very truly,

　　　　　　　　　　　　　WILL WILSON
　　　　　　　　　　　　　Attorney General of Texas

　　　　　　　　　　By W. Ray Scruggs
　　　　　　　　　　　　Assistant Attorney General

WRS:ds


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Ben Harrison
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.