**Rutherford v. Hatfield Township**

*Daniel Sherman,* for plaintiff.

*David O. Williams,* for defendant.

STRANAHAN, P. J. (Thirty-fifth Judicial District, Specially Presiding), February 17, 1970.—This is a suit in assumpsit in which Harry M. Rutherford, plaintiff, who is treasurer of Hatfield Township, has brought a claim against the township for commissions allegedly due him from January 1962, through December 31, 1969. The facts in this case are not in dispute, and this matter started as a jury trial, but by stipulation of counsel it was agreed that the jury could be discharged and the court would decide this as a matter of law.

At a meeting held on March 13, 1961, the Board of Commissioners of Hatfield Township passed the following resolution:

"Treasurer's compensation: Mr. Stewart motioned, seconded by Mr. Wynne that the commission of the treasurer commencing 1962 will be 1 and ¼ percent."

While this action was taken in the form of a resolution rather than an ordinance, both plaintiff and defendant in this case have agreed that this resolution was in compliance with the Act of May 25, 1945, P. L. 1050, sec. 34, its amendments and supplements, 72 PS

§5511.34, which provides, in substance, that the township treasurer of a first class township shall receive for his duties as treasurer and tax collector a sum equal to five percent of all township taxes received or collected, and, in addition thereto, a sum equal to one percent of all other moneys received or collected by him unless a different rate or annual compensation shall be fixed by an ordinance of the township commissioners.

Plaintiff was elected township treasurer of Hatfield Township and took office in 1962. While he made some effort to determine what his duties were, he apparently accepted the fact that his remuneration was to be one and one-quarter percent of all taxes collected, but that he was not to receive any other remuneration for any money handled by him. Based on this assumption, he proceeded to perform his duties as tax collector and township treasurer until 1967 when he suddenly realized that the statute provided five percent for taxes and one percent on all other moneys unless otherwise provided and that the resolution above referred to was, to say the least, somewhat unclear.

Plaintiff then adopted the position that the purpose of the resolution was to level off all moneys handled by him at the same rate and that the one and one-quarter percent should apply to all funds which he handled as treasurer of Hatfield Township. This was brought to the attention of the township fathers who took the position that this was a matter to be decided by the courts and, therefore, refused to pay him any additional funds. In addition to that, the township has taken the position that the treasurer submitted his bill for his fee each year and the bill was paid. In addition to that, the township enacted a budget based on the anticipated amount that would be due him each year and, therefore, plaintiff is not

entitled to an amount in excess of what he has already received, because the citizenry of the township changes and to assess an additional amount at this time dating back to 1962 would saddle those citizens with a financial obligation that may have been incurred before they entered the township.

At the time of trial, it was decided by the parties that in order to expedite matters the additional years of 1968 and 1969 would be included in the case in order to prevent the need for a possible second suit in the event that the court would rule favorably to plaintiff in this case. It also has been agreed by the parties that in the event there is a verdict for plaintiff, this verdict should be in the amount of $16,725.31, which is the amount claimed by him from 1962 to date.

In this age when everyone tries to get something from the government, it is unique to find a case in which a plaintiff accepted a lesser remuneration from a governmental agency than he was entitled to. This error was an honest one on plaintiff's part and that is a factor which certainly must be considered in his favor.

This court·must first consider the issue of whether the resolution provided by the township intends to set the treasurer's compensation at one and one-quarter percent of all taxes collected, and deny him any remuneration for money handled, or whether the purpose of the resolution was to pay him one and one-quarter percent of all moneys, both taxes and otherwise that pass through his hands. For this court to adopt the former interpretation would be unreasonable and certainly unwarranted under the circumstances. Since the statute provides for five percent of taxes and one percent of all other money, it would be a strange interpretation to believe that the commissioners of the township intended to deny any remuneration for the handling of money other than

taxes and to reduce the compensation for handling taxes from five percent to one and one-quarter percent.

The case of Miller v. North Versailles Township, 31 D. & C. 139 (1937), indicates the commissioners of North Versailles Township fixed the rate of compensation of a tax collector at two and one-half percent of all taxes collected by him. The court reviewed the situation and took into consideration the amount of work that had to be done and, as a result of this, ruled that this amount of two and one-half percent was so low as to be reasonable. It would appear to this court that if the township commissioners of Hatfield Township were endeavoring to reduce the township treasurer's commission to one and one-quarter percent only of the tax money handled, such an effort on their part would be unreasonable and the court be inclined to rule it unreasonable if that question were to be decided. We believe that since the township commissioners drew the ordinance and since it is somewhat indefinite, the indefiniteness of the ordinance should be construed against the commissioners and the township, and, therefore, we rule that the reasonable interpretation of the ordinance is that the township treasurer is to receive one and one-quarter percent of all moneys received and collected, including taxes and other funds.

We are not so sure in our own minds after reviewing the ordinance that if it were argued by plaintiff that the commissioners intended the treasurer to receive five percent of all taxes and one and one-quarter percent of all other money, such argument might have some merit, but plaintiff insists that he seeks only one and one-quarter percent of everything collected and does not wish to pursue this matter further than that. Such being the case, this court rules that the treasurer of Hatfield Township is entitled to one and one-quarter percent of all moneys collected.

The township raises as a defense the question of estoppel, claiming that even if plaintiff is entitled to receive one and one-quarter percent of all moneys collected, he is now estopped from receiving this money. We have made some effort to find an appropriate case in Pennsylvania dealing with this problem and we must frankly admit that we have met with no success. A search of the reported cases reveals a case of Gallaher v. City of Lincoln, 63 Neb. 339, 88 N.W. 505. In that case, a woman was employed as a police matron and she agreed to serve for the sum of $25 a month. The law provided a salary of $50 a month. At the end of 16 months, she brought suit for the difference between the $25 and the $50. The court defined the issue by stating: "Can a public officer, whose salary is fixed by law, estop himself, as between himself and the government, from claiming full compensation by accepting an amount less than that prescribed by statute for such services?"

The court held that such person could not be estopped, since an agreement between the employe and the governmental agency to serve for an amount less than that prescribed by law is against public policy.

Apparently, there were a great number of these cases which arose during the depression when municipalities were short of funds and rather than laying policemen off or discharging other city employes because they did not have the funds to pay them their prescribed salaries, the employes agreed to work for lesser compensation. The courts seem to indicate that such agreements were against public policy and the employe was not estopped, even though he had agreed to work for less. The claims by the employes were allowed. Attention is called to a further case of Bishop v. City of Omaha, 130 Neb. 162, 264 N.W. 447.

In the present case, we see no reason for an estoppel here, since the Township of Hatfield did not

change positions in reliance upon anything that was done by the tax collector. It received the benefit of his services and, if there was a mistake here, it was as much the fault of the township for first enacting a resolution rather than an ordinance, and, secondly, for enacting a resolution which was so indefinite that it required a court's interpretation.

We also find no merit to the fact that citizens now live in the township that did not live in the township in 1962 and 1963, and that these citizens will be required to bear the burden of the back pay owed the township treasurer. Hatfield Township is a first class township and, therefore, as a political entity must be treated as such. It is true that residents come and go and that many of the citizens of the township may not have lived there in 1962, but, on the other hand, the township may now receive benefits from other matters that would accrue to the present citizens even though they may not have been a part of the effort to receive those benefits. A municipal corporation is like any other corporation, the law recognizes it as an entity rather than the persons who go to make it up.

The court has an obligation here to do justice and it seems obvious to us that while Mr. Harry M. Rutherford was somewhat neglectful in determining what his compensation should be; yet the fact remains that his compensation is set by law, and he is entitled to it. When a municipality owes a debt, the municipality should pay it.

## ORDER

And now, February 17, 1970, we find a verdict in favor of Harry M. Rutherford, plaintiff, and against the Township of Hatfield in the amount of $16,725.31. It is further directed that the Prothonotary of Montgomery County shall give notice to the parties or their attorneys, and if no exceptions are taken thereto

within 30 days after service of such notice, judgment shall be entered thereon by the prothonotary. If exceptions are filed within 30 days, this matter shall be listed for argument and for further disposition.