NELSON C. BROCK, PLAINTIFF IN ERROR, v. THOMAS H. HOPKINS, DEFENDANT IN ERROR.

1. **Ministerial Officer.** The clerk of a district court is a ministerial officer, and is liable for damages occasioned by his "negligently and carelessly" taking insufficient security.

2. ———. But if he exercise a reasonable degree of care in the performance of his duty, he is not liable, even if the security should prove insufficient.

ERROR from the district court of Otoe county. It was an action brought by Brock against Hopkins, and the petition alleges that in May, 1872, the latter was county clerk and *ex officio* clerk of the district court for Otoe county; that at said term the plaintiff, Brock, recovered a judgment against one John Reed for the sum of $544 damages and $13.60 costs of suit; that on the 29th of May, 1872, Brock caused an execution to be issued against said Reed on said judgment and placed in the hands of the sheriff of said Otoe county for service and collection; that the said Reed, judgment debtor, had at this time sufficient personal property not exempt by law to have satisfied said execution; that on the 15th of June following said Reed applied to said Hopkins, as clerk, for a stay of execution, under the provisions of section 480 of the code of civil procedure, which stay the said Hop-

kins, as clerk, *wrongfully, negligently* and *carelessly* granted, and on the 29th day of June, 1872, wholly disregarding the plaintiff's rights in the premises, issued an order to the sheriff of said county to return unsatisfied the execution issued as aforesaid; that at the time Reed made his application for a stay, as above set forth, he was not the owner of sufficient real estate in the county of Otoe to pay said judgment, as required by statute, nor in fact was he the owner of any real estate; that in obedience to the order wrongfully issued by the clerk, Hopkins, plaintiff's execution was returned unsatisfied; that before the expiration of the stay allowed by the clerk, said Reed became wholly insolvent and absconded, and that by reason of the wrongful act and negligence and carelessness of said Hopkins, the said judgment became uncollectible and worthless, and the plaintiff thereby damaged in the sum of $560.50.

The defendant, Hopkins, demurred generally, and judgment being rendered sustaining the demurrer, the plaintiff brought the cause here by petition in error. Section 480 of the civil code is as follows:

"SEC. 480.  Executions on all judgments hereafter rendered in said courts, shall be stayed for the period of one year from and after rendition thereof: *Provided,* The defendant shall within twenty days after the judgment is obtained show to the satisfaction of the clerk of such court that he or she is the owner of real estate in the county, of sufficient value, over and above incumbrances, to pay such judgment."

*D. G. Hull,* for plaintiff in error.

I.    A clerk of the district court has no judicial power and exercises none.  He is a mere ministerial officer, whose action is entirely under the control and supervision of the court. *Robbins v. Durell,* 1 Idaho, 50.

Under section one, article four of the constitution, no judicial power could be vested in the clerk. The office is purely ministerial in its character, and is recognized as such by the whole course of legislation. General Statutes, 661, 662, 762. *Waldo v. Wallace*, 12 Ind., 572.

II. Clerks of courts are liable in damages to any one who is specially injured by their negligent performance of a duty imposed. Shearman & Redfield on Negligence, sections 286, 287, and cases cited. They have been held liable for accepting a bond with insufficient sureties, and for approving an appeal bond which provided an insufficient penalty. *Snedicer v. Davis*, 17 Ala. (N. S.), 472. *Govener v. Wiley*, 14 Ala. (N. S.), 172. *Tompkins v. Sands*, 8 Wend., 462. *Amy v. Supervisors*, 11 Wall., 138. *Billings v. Lafferty*, 31 Ill., 318. *Wasson v. Mitchell*, 18 Iowa, 153.

In determining the liability of non-judicial public officers, all of the cases make a distinction between those officers whose duties are of a general public nature, and who act for the profit of the public at large, and that other class of officers, who are appointed to act, not for the public in general, but for such individuals as may have occasion to employ them, for a specific fee paid.

The clerk is of the latter class and holds himself out to the public, as being ready and willing to perform certain duties upon the payment to him of his fees therefor, and he is bound to exercise care, and not act negligently and carelessly, to the damage of those who employ him.

As to the latter class there has never been any question that officers belonging thereto were liable in damages for any act of negligence or abuse of office, to any individual specially injured thereby. Shearman & Redfield on Negligence, Secs. 166, 167.

When an individual sustains an injury by the misfeasance or non-feasance of a public officer who acts or omits to act, contrary to his duty, the law gives redress to the injured party by an action adapted to the nature of the case.

*A. S. Cole*, for defendant in error.

The position assumed by the defendant in error in this case is that a clerk of the court when called upon to act under that section of the statute just cited, ceases for the time to act in his usual ministerial capacity, and acts in a *quasi* judicial one. S. &. R. on Negligence, Sec. 156.

The act requires a showing to be made to the satisfaction of the clerk, and this involves the production of evidence of some kind which the record in this case shows was produced, and upon this evidence the clerk must and did determine the question of allowance of the stay of execution. It must be evidence which satisfies the clerk that the person making the showing is the owner of real estate of sufficient value, over incumbrances, to pay the judgment—all of which was done in this case.

It seems very clear to us that in the determination of such a question, involving the necessity of introducing evidence, the clerk performs judicial duties. He exercises a right of judgment and a discretion in determining the facts on which that judgment is based, and hence he is the exclusive judge of the evidence on which the stay is allowed or refused. This is certainly the exercise of judicial authority. Shearman & Redfield on Negligence, Sec. 163. *Vanderheyden v. Young*, 11 Johns., 158. *Martin v. Mott*, 12 Wheat., 31. *Wilson v. Mayor*, 1 Denio, 599. *Weaver v. Devendorf*, 3 Id., 119. *Chickering v. Robinson*, 3 Cush., 545. *Howe v. Mason*, 14 Iowa, 514.

LAKE, CH. J.

This is a petition in error from Otoe county, and presents but a single question for our decision. It is simply whether a clerk of a district court, who "negligently and carelessly" takes insufficient security for stay of execution, is liable, at the suit of the judgment creditor, for the damages thereby occasioned.

The learned judge in the court below held, that in such case, the clerk was not liable. This decision was based on the ground that in taking such security he acts judicially; and that judicial officers are not liable for acts negligently or carelessly performed, whereby an injury is occasioned to another person. It is true that in the performance of his duty, under the statute providing for stay of execution, the clerk is required to exercise his judgment to a certain extent. He is to be satisfied that the security which he accepts is such as the statute requires to be given. And doubtless, if he act with caution in what he is called upon to do, and in all respects as a reasonably prudent person would be likely to do in transacting the same business, if it concerned his own interests, this is all that should be required of him. But he should be held to at least that degree of care, in the performance of so important a duty as that of taking bail for stay of execution, where the whole amount of the judgment might be lost to the creditor, through the incompetency or negligence of the clerk, if a less stringent rule were to govern. We are of opinion that it would be carrying the rule of non-liability altogether too far, to hold that a clerk, in the performance of this duty, comes within the class of judicial officers, who are exempt from liability for damages occasioned by their wrongful, negligent, or careless acts.

We hold that the clerk of a court in this state is a

ministerial officer merely; and the fact that he is required to take and approve security in certain cases, does not invest him with a judicial character. And the legislature seems to have been very careful, notwithstanding the imposition of these peculiar duties upon clerks of courts, to have it understood that they do not thereby lose their ministerial character, or become absolved from liability for damages occasioned by their official neglect. Section 897, of the code of civil procedure, provides that "The ministerial officer, whose duty it is to take security in any undertaking provided for by this code, shall have the right to require the person offered as surety to make an affidavit of his qualifications, which affidavit may be made before such officer. *The taking of such an affidavit shall not exempt the officer from any liability to which he might be otherwise subject for taking insufficient security.*" It is true that this statute does not mention the cases in which such liability would exist. It is wholly silent on that point. But surely we can conceive of no case wherein it would be proper, except wherein the clerk has willfully, or carelessly and negligently caused the damage. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.