FRANK DEAN V. SAUNDERS COUNTY.

FILED SEPTEMBER 23, 1898.   No. 8288.

1. Landlord and Tenant: PAYMENT OF RENT. To absolve himself from the payment of rent a tenant must, in addition to giving notice of the termination of the tenancy, surrender possession of the leased premises.

2. Public Corporations: ACTS OF AGENTS. A public corporation is bound by the acts and contracts of its authorized agents within the scope of their authority.

3. Counties: OFFICERS: RENT. Where a county rents rooms for one of its officers and puts him in possession thereof with the records and property pertaining to his office, it is bound to pay the stipulated rental so long as such officer continues in possession.

4. ———: ALLOWANCE OF CLAIMS: RECONSIDERATION. Upon due notice to parties interested a county board may once reconsider its action in allowing or disallowing a claim against the county.

5. ——: ——: ——: RES JUDICATA. Where an order disallowing a claim against a county has been reconsidered, such order of disallowance will not operate as an adjudication of the claim.

6. **Evidence: JUDGMENTS: MEMORANDA.** Before an order is formally entered on the record it may be proved by the clerk's memorandum or the judge's minutes.

ERROR from the district court of Saunders county. Tried below before WHEELER, J. *Reversed.*

*Franklin Dean* and *W. D. Guttery,* for plaintiff in error.

*H. Gilkeson, S. H. Sornborger,* and *E. E. Good, contra.*

SULLIVAN, J.

On February 6, 1890, the defendant, acting through its board of commissioners, leased of the plaintiff a suite of rooms in the city of Wahoo for the use of the superintendent of public instruction for Saunders county. That officer took immediate possession, and continuously occupied the premises until January 4, 1894, when his official term expired. On March 8, 1893, the defendant gave notice that it would not require the use of the leased rooms after the 1st of the following month. But neither at the time fixed in the notice to terminate the tenancy, nor afterwards, until January, 1894, was there any surrender of possession to the plaintiff. In June, 1893, a bill for rent for the two previous months was presented to the county board and disallowed. From the order of disallowance no appeal was prosecuted. Afterwards a bill for rent covering the period from April 6, 1893, to January 4, 1894, was presented to the county board for allowance and was allowed. A taxpayer appealed to the district court, where a trial to a jury resulted in a verdict and judgment for the defendant.

The judgment must be reversed. A tenant, while occupying demised premises, cannot absolve himself from the obligation to pay rent by notifying his landlord that on a certain day the relation existing between them will be terminated. A surrender of possession is indispensa-

ble to a severance of the relation. The county rented the rooms in question for the use of a county officer. It put him in possession, with the public records and office furniture. The commissioners had power to dispossess him and cause the records and office furniture to be removed, but they seem to have made no effort to effectually exercise their authority. Under these circumstances there can be no doubt of the liability of the defendant to pay rent. A public corporation is bound by the acts and contracts of its authorized agents within the scope of their agency, to the same extent that a private corporation or an individual is. When a county, or other municipal body, rightfully becomes the lessee of real estate, it is amenable to the law governing the relation of landlord and tenant. It cannot assert the rights incident to that relation and repudiate its obligations.

But it is contended by the defendant that plaintiff's entire claim for rent was adjudicated by the disallowance of the bill for the months of April and May. This contention cannot be sustained, because it appears that the order of disallowance was reconsidered. The action of the board in relation to the matter is shown by the transcript certified by the county clerk to the district court, and is as follows: "And now on this 1st day of September, 1894, the following proceedings were had in said board relative to said claim, and the following entry was indorsed on said claim: 'September 1, 1894. Board reconsidered their vote on bill for April and May, and allow this bill in full.'" The power of the commissioners to reconsider the order made by them in June of the previous year is denied, but the case *State v. Baushausen*, 49 Neb. 558, is a direct authority to the effect that such action was authorized and valid.

It is argued that there was no competent evidence to prove that the board reconsidered the order of June, 1893. There was precisely the same evidence of the fact that there was of the existence of the order appealed from. Both orders were blended together, and evidenced

in the same way. Before an order is formally entered on the record it may be proved by the clerk's memorandum or the judge's minutes. (*Commonwealth v. Hatfield*, 107 Mass. 227; *McGrath v. Seagrave*, 2 Allen [Mass.] 443; 2 Jones, Evidence sec. 638.) The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.