A. L. BARTLETT, APPELLEE, v. PETER DAHLSTEN ET AL.,
APPELLANTS.

FILED JUNE 19, 1920.    No. 21045.

1. **Counties: CLAIMS.** The board of county commissioners has juris-
diction to pass upon a claim filed against the county, though the
claim is not, in form, in strict compliance with the statute.

2. ———: ———: APPEAL: AUTHENTICATION OF TRANSCRIPT. On appeal
to the district court from an order of the county board, where the
party taking the appeal duly files his notice and his bond, and
where the transcript, though filed within the time required, is,
through fault of the county clerk, whose duty it was to prepare and
file it, not properly authenticated, *held*, that the district court had
power, when objection was made to the transcript on that ground,
to allow the proper certificate of authentication to be attached,
even though the time for filing the transcript had then elapsed, if
it does not appear that the party taking the appeal is himself guilty
of neglect or laches.

3. **Health: COUNTY BOARD: EMPLOYMENT OF PHYSICIAN.** In case of an
epidemic of smallpox, *held*, that the county board of health, when
it finds it necessary, by reason of the fact that the epidemic is not
otherwise under control, and that persons afflicted with the disease
are not being quarantined, may employ the services of a physician
for the purpose of examining and inspecting persons thought to
have the disease, to the end that the individuals afflicted with the
disease may be located and quarantined.

4. ———: ———: JURISDICTION. Jurisdiction of the county board of
health extends only to that territory within the county which is
outside of the limits of incorporated cities and towns.

'APPEAL from the district court for Wheeler county:
BAYARD H. PAINE, JUDGE. *Affirmed on condition.*

*T. J. Doyle, G. N. Anderson,* and *J. M. Shreve,* for
appellants.

*A. L. Bishop, John E. Kavanaugh* and *T. F. A.
Williams, contra.*

FLANSBURG, J.

Action against Wheeler county on an alleged contract
made between the county and the plaintiff, a physician.

Plaintiff was requested, at the instance of the board of health, to diagnose and examine the ailments of a number of persons, residents of the county, during a small-pox epidemic.

There is evidence tending to show that the physician on the board of health was unable to diagnose the disease and called it "Cuban itch." No quarantine had been established, and many persons afflicted with the disease walked about the streets and in public, so that the epidemic got well under way before it was discovered what the ailment was.

Plaintiff undertook the work, in this emergency, at the instance of the county board of health. Each of the specific examinations was made at the request of the board. There is evidence, also, that the chairman of the board of county commissioners requested that the county board of health take this action. Plaintiff made extended trips over the county, examining cases, so that quarantine might be established. When he made these examinations, he also instructed the persons afflicted how to care for themselves and, in some cases, prescribed for them. These first trips are the only ones charged against the county. When his services were completed, he filed a claim. The claim was disallowed by the board of county commissioners, and he appealed to the district court, where the matter was tried without a jury and judgment was rendered in his favor for the full amount of the claim.

The fees charged by plaintiff are shown to be reasonable; no issue is raised on that question by the evidence. But the defendant contends that the individuals receiving the services should be required to pay for them, and not a county, since these people, with one exception, were not paupers and not a county charge.

It is first urged, however, that the county commissioners had no jurisdiction to pass upon the claim, since the written verified statement of the claim, filed under section 965, Rev. St. 1913, was not in strict compliance

with the statute. The statute requires a showing that the items are "just and true" and that the amount claimed is "due and unpaid." The claim as filed alleged that the "account is just and correct" and the "amount claimed, after allowing all just credits, is wholly unpaid," but contained no affirmative allegation that the amount was due. The claim had attached to it a statement, purporting to be an account in favor of the plaintiff and against the county, and showing a balance of $214 in plaintiff's favor. Though the claim was not, perhaps, in strict compliance with the law, nevertheless, under our decisions, the board was vested with jurisdiction, regardless of the irregularity of the form in which the claim was presented. *State v. Board of County Commissioners*, 60 Neb. 566; *State v. Farrington*, 80 Neb. 628; *Gibson v. Sherman County*, 97 Neb. 79.

The contention is further made that the appeal should have been dismissed by the district court by reason of failure to properly authenticate the transcript of the record of the proceedings had before the county board. It appears that the county board disallowed the claim June 17, 1918. Appeal bond was filed June 22, and on the same day the transcript of the proceedings was filed in the district court. The transcript was not signed nor sealed by the county clerk. Motion was made to dismiss the appeal September 17, 1918, on the ground of failure of the clerk to authenticate the transcript, and an attempt was made by the clerk at that time to complete the certificate, but this was defectively done, and the transcript was not finally authenticated in proper form until, during the trial, on September 20, 1918, where it was signed and sealed by the clerk under order of the court.

The statute (Rev. St. 1913, sec. 965) provides that, when a claim is disallowed by the county board, the person aggrieved may appeal to the district court by serving written notice on the county clerk within 20 days, and by executing a bond to the county, conditioned for the

Bartlett v. Dahlsten.

faithful prosecution of the appeal and the payment of the costs. These acts the claimant in this case had done, strictly in accord with the statute.

The statute further provides (section 967) that "upon such appeal being taken" the county clerk shall prepare and file the transcript in the district court. The duty of properly preparing and filing the transcript is, then, primarily enjoined upon the county clerk and not upon the claimant.

This procedure is somewhat similar to that provided for appeals from a justice of the peace to the district court. With regard to appeals from the justice court, it is held that, where the party appealing has taken the statutory steps directly required of him, and is not guilty of neglect or laches on his part, he does not lose his right of appeal because of failure or default in performance of a duty on the part of a public officer upon whom the duty in enjoined. Within the ruling in *Goetz Brewing Co. v. Waln,* 92 Neb. 614, it appears that the district court had jurisdiction to allow the transcript to be properly authenticated during the trial, as was done in this case. See, also, *Bree Bros. v. Firestine,* 84 Neb. 126; *Stewart v. Raper,* 85 Neb. 816. The claimant is required to take certain steps to perfect the appeal and to be diligent to see that the duties imposed upon the county clerk are carried out, but the claimant does not lose his right of appeal by the mere default of the county clerk when the claimant himself is not at fault.

As to the liability of the county for the services rendered, we must look to sections 2737 and 2738, Rev. St. 1913. By these sections of the statute, the county board of the county is directed to make and enforce regulations to prevent the introduction and spread of contagious diseases within the county, and, to that end, to establish a county board of health, which is given jurisdiction over the matter throughout the county, except in incorporated cities and villages. Where the local board fails to act with sufficient promptitude and efficiency in

any emergency, it is expressly provided that the state board of health shall step in and enforce its own regulations in that county, and that the necessary expenses so incurred shall be borne by the county. It would seem to follow that, when the county itself acts in an emergency, it was not intended that it be limited in its powers more than the state board, and that the necessary expenses incurred should, in that event, also be chargeable to the county. Though it is not expressly provided that, when the county acts in providing regulations to prevent the spread of disease, the necessary expenses so incurred shall be a charge against the county, that liability must necessarily be inferred. If that were not true, then the county would, by law, be required to perform a duty, and at the same time be prevented from using the means necessary to its performance. The county board could not quarantine without learning, through the services of a physician, whom to quarantine, and such services of a physician could not be procured without pay.

It might be questioned whether section 1104, Rev. St. 1913, has any bearing on this case. This statute declares unlawful all contracts or orders made by the county board or members thereof, in behalf of the county, "in the absence of a statute expressly authorizing such contract to be entered into."

It has been repeatedly held by this court that, though counties have no inherent powers, yet their agents, acting in their behalf, have not only such powers as are specially granted, but also such as are incidentally necessary to carry into effect those which are granted. *Lancaster County v. Green,* 54 Neb. 98; *Christner v. Hayes County,* 79 Neb. 157. Those powers, incidentally necessary to carry into effect the authority specially described, are a part of that authority itself, and are as expressly authorized, within the meaning of this statute, as when specially mentioned. It was not the intention of this statute that counties should be denied the exercise of those powers which are found to be necessary to

carry into effect a power specially granted. It that were the intention it would in many instances effect a repeal of those very provisions of the statute expressly granting the power, for to take away the means of performance is to destroy the power itself. Such would be the result in this case. The provision of the statute referred to, we take it, was intended to prevent counties from entering into those contracts, express or implied, and was intended to declare such contracts unlawful, where no statutory authority is to be found justifying the making of such a contract.

The right of the duly constituted county authorities to employ a physician in an emergency of this kind seems to us to come clearly within the express authority given to the county to provide and enforce regulations in order to prevent the introduction and spread of contagious diseases, and it must be that the examination and diagnosis necessary for purposes of quarantine of contagious diseases is one of the regulations contemplated and intended to be covered by the statute. *Town of Knightstown v. Homer*, 36 Ind. App. 139; *Hawthorne v. Board of County Commissioners*, 79 Kan. 295.

When a physician performs services of such kind for the county, he, of course, ought to be allowed to recover from the county, though the individuals examined and quarantined were not paupers nor a county charge. The obligation of the county rests upon contract, and, though it might be that the individual would be liable, the county is at least primarily liable to the physician. *City of Mankato v. County of Blue Earth*, 87 Minn. 425; *McKillop v. Board of Supervisors*, 116 Mich. 614; *Elliott v. Kalkaska Supervisors*, 58 Mich. 452; *Rae v. City of Flint*, 51 Mich. 526.

The jurisdiction of the county board in this case was limited by statute to that territory outside of incorporated cities and towns, and, though it may be presumed, so far as the petition and proof are concerned, until the contrary appears, that the contract of em-

ployment was for those patients only who were within the jurisdiction of the county board, nevertheless it affirmatively appears from the evidence that a number of individuals to whom plaintiff rendered services were residents of incorporated towns when the services were rendered. The services to Brush, Branak, Brown, Wammich, Fletcher, Harding, Flynn, Dickinson, and Palmer were rendered within the incorporated town of Bartlett; and the charge of $57 for services to these persons plaintiff should not be allowed to recover.

It is therefore ordered that in case plaintiff shall, within 20 days from the entry hereof, file a remittitur in the amount of $57, the judgment of the lower court, so reduced in such amount of $57, shall be affirmed, plaintiff to recover costs; but, in the event such remittitur is not so filed, the case is ordered reversed and a new trial granted.

AFFIRMED ON CONDITIÓN.

ALDRICH, J., not sitting.