RED WILLOW COUNTY, APPELLANT, V. GEORGE MCCLAIN ET AL., APPELLEES.

FILED MAY 6, 1932. No. 28220.

C. D. Ritchie, for appellant.

Cordeal, Colfer & Russell, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

PER CURIAM.

The county appeals from a judgment dismissing its causes of action for alleged overpayments by the county to a sheriff.

The amended petition, filed in February, 1931, contained 43 causes of action against the sheriff and his bondsman. Each involved a separate claim—for conveying prisoners to industrial schools, to reformatories, to the penitentiary, and for the return of fugitives. Each cause quoted a specific and itemized claim allowed the sheriff by the county board and pleaded the facts upon which prayer for recovery was based. The first cause was based on an alleged overpayment of a claim arising September 21, 1921, allowed by the county commissioners October 5, 1921, for taking a girl to the industrial school.

The last cause, for taking a boy to the reform school at Kearney on May 21, 1930, was allowed June 3, 1930. The other causes were based on intervening transactions.

The defendants demurred to each cause of action as not stating sufficient facts. The court overruled the demurrer to all the causes relating to the reformatory for boys and to the penitentiary, except the fifteenth (wherein the conveyance to the penitentiary was by automobile) ; and sustained the demurrer to the fifteenth and all other causes. Appellant elected to stand on its petition on the causes as to which the demurrer was sustained, so they were dismissed. Issues were joined on the causes relating to the penitentiary and reformatory for boys, and, upon trial, judgment of dismissal was rendered dismissing them also. Error is assigned because the court sustained the demurrer to each of the 18 causes of action and because the judgment on these and the causes tried to the court is said to be contrary to law.

As the claims arose from time to time the sheriff filed them with the county clerk. They were considered, duly allowed and paid. No direct appeal was ever taken. The actions involved here were brought directly in the district court. The sheriff and his bondsman, as appellees, assert that the county board in passing on the claims of the sheriff acted in a quasi judicial rather than ministerial capacity, and that the attack made here by original action in the district court is therefore a collateral attack and unavailing. The district court so held.

Our leading case, in which former decisions were reviewed by Pound, C., and the principles were discussed and announced, is *Mitchell v. County of Clay*, 69 Neb. 779. It was there held, in substance, that, when the law commits to county commissioners the duty of looking into facts and acting upon them after a discretion in its nature judicial, the function is quasi judicial. If the amount to be allowed by them is fixed by law and their allowance of the claim is merely a formal prerequisite to the issuance of a warrant, their act is ministerial only. On rehearing the court vacated its former judgment, but

stated: "We have no doubt that the correct rule, by which to determine whether the action of the county board, in any given case, is ministerial or judicial, is announced in the opinion referred to." *Mitchell v. County of Clay,* 69 Neb. 796.

As to some of the causes of action involved here, it is questioned whether the sheriff was entitled merely to his actual expenses. In the others his allowance would require a determination of the mileage in conveying the prisoner. The county board had no judicial function or power to decide whether, under a particular statute, the sheriff was entitled to mileage or to the actual railroad fare. In other words, the county board has no judicial power or discretion as to the interpretation of the law. But, if the proper legal interpretation of the statute ruling the particular claim under consideration of the board required the allowance of actual expenses, or of the then current railroad rate, or of the actual mileage necessarily traveled, the determination of the facts in each instance would be a quasi judicial act on the part of the board.

Stating, but not conceding, "that an affirmance is one of the possibilities in this case," the appellant asks the court to make certain for the guidance of the counties the correct interpretation of the statutes as to the proper fees for conveyance of prisoners to the various state institutions, "regardless of the final result of this case." We are of the opinion that the county board acted quasi judicially in allowing each of the claims and, no direct appeal having been taken as provided by law, the attack now made is a collateral attack and cannot be entertained. We do not pass upon the statutes involved in the claims allowed by the county board, as requested by appellant. To do so in the circumstances would be violative of the practice here and everywhere. If and when a direct attack upon a judgment of the county board in such matters properly comes before us, we shall rule on it. For the reasons stated, the judgment of the district court is

AFFIRMED.