## BOARD OF COM'RS OF NOBLE COUNTY v. NIEMANN et al.

No. 27461. March 29, 1938.

Rehearing Denied April 26, 1938.

Henry Dolezal, County Atty., for plaintiff in error.

George W. Miller, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the county court of Noble county. The action was brought by George H. Niemann, C. E. Northcutt, C. W. Arrendell, D. M. Gordon, J. H. Howe, and John C. Wagner, copartners, engaged in the practice of medicine under the firm name of Niemann & Northcutt, Clinic, against the board of county commissioners of Noble county to recover the sum of $229, claimed to be due them for medical, surgical, and hospital services rendered to an indigent resident of Noble county. The defendant denied any and all liability by reason of the fact that it had not authorized the services rendered by the plaintiffs. Trial was had to the court without the intervention of a jury, and the plaintiffs recovered judg-

ment for the sum of $165. Motion for new trial was overruled and denied, and the defendant appeals. We will hereafter refer to the parties in the order of their appearances in the trial court.

The defendant assigns four specifications of ·error which resolve themselves into a single proposition, that is, whether, under the uncontroverted facts, the plaintiffs were entitled to a recovery in any amount. The uncontroverted facts: Mrs. Hattie Vassor, a resident of Noble county, and an "indigent person" within the definition of that term under the applicable statutes, was severely burned on June 4, 1935. Efforts at self-treatment proved unsuccessful, and on June 7, 1935, Dr. D. M. Gordon, one of the plaintiffs, was called to see the lady, and upon his advice she was sent to a hospital at Perry, Okla., for admission as a county patient. Admission to this hospital was refused. Plaintiffs, upon information to this effect, directed that Mrs. Vassor be brought to their hospital at Ponca City. This was done and she was there treated until June 22, 1935, and at that time was given a skin grafting operation and kept in the hospital for further treatment until July 13, 1935. The condition of Mrs. Vassor on the 7th day of June, 1935, while critical, was not one of imminent danger to her life, or one which would not permit of any slight delay. Some effort had been made to get in touch with one of the county commissioners for the purpose of ·obtaining admission of Mrs. Vassor to a hospital at Perry, but contact was not made and no authority was obtained and no effort was made to obtain any authorization for treatment by the plaintiffs until a claim was filed by them with the county clerk of Noble county on July 11, 1935. It is conceded that if the plaintiffs were otherwise entitled to recover, the claim came within the estimate and appropriations provided for such purposes.

As said in the case of Board of County Commissioners of Tulsa County v. Tulsa Camera Record Co., 103 Okla. 35, 228 P. 1103:

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority in law, and it is not sufficient that the services performed for which payment is claimed were beneficial."

Plaintiffs urge that, since by section 7542, O. S. 1931, the board of county commissioners are made overseers of the poor in their counties, thereby a statutory duty is imposed upon such boards, which will give rise to an implied contract in favor of any person who performs a service necessary to the discharge of the duties resting upon such board where such service is performed either as the result of an emergency or on account of wrongful neglect on the part of the board to perform its statutory duties. In this connection we are cited to the case of Board of County Commissioners of Garfield County v. Enid Springs Sanitarium & Hospital, 116 Okla. 249, 244 P. 426, wherein this court said:

"The general rule ·is that in cases of emergency attendance of a pauper, a physician may hold the county liable although he acted without the request or the consent of the persons designated by statute as overseers of the poor, where such poor person requires the immediate attention of a physician who renders services to relieve the necessity; and where it appears that the board of county commissioners was not in session at the time, and that· notice could not have been given to the board of county commissioners before rendering necessary medical and surgical services, the physician and surgeon may recover reasonable compensation from the county within the limit of the fund provided by law for such purpose."

The rule announced in the above case appears to be in harmony with a number of well-considered decisions in other jurisdictions. See 93 A. L. R. 903.

In order to invoke the rule thus announced it is necessary, however, that it be shown that an emergency existed which would not admit delay. Sweet Clinic v. Lewis County, 154 Wash. 416, 282 P. 832; Mandan Deaconess Hospital v. Sioux County, 63 N. Dak. 538, 248 N. W. 924; Lacy v. Kossuth County, 106 Iowa, 16, 75 N. W. 689; Newcomer v. Jefferson Township, 181 Ind. 1, 103 N. E. 843; Annotated Cases, 1916D, 181; Bartlett v. Dahlsten. 104 Neb. 738. 178 N. W. 636; Board of County Commissioners v. Cole, 9 Ind. App. 474, 36 N. E. 912.

In the case at bar no such emergency was shown to exist and the plaintiffs concede that they did not have and did not attempt to obtain any authority from the defendant to render the services which they performed, and under these circumstances we are impelled to the conclusion that the elements necessary to sustain a recovery in favor of the plaintiffs and against the defendant were not present and that judgment should have gone for the defendant. In view of the conclusion thus reached, we deem it unnecessary to review the other cases cited by the parties or to discuss the matter at great length. The cause will be

reversed and remanded, with directions to render a judgment in favor of the defendant.

Reversed and remanded, with directions.

BAYLESS, V. C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.