STATE, EX REL. GEORGE B. ALLEN ET AL., APPELLANTS, V. IRA MILLER ET AL., APPELLEES.

295 N. W. 279

FILED DECEMBER 13, 1940. No. 31071.

Max Kier, for appellants.

Max G. Towle and Farley Young, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and MESSMORE, JJ., and HASTINGS and KROGER, District Judges.

HASTINGS, District Judge.

This is an action in mandamus commenced in the district court for Lancaster county to compel respondents, Ira Miller, chairman of the board of county commissioners, the members of the board of county commissioners, and the county clerk of said county, to execute and deliver proper warrants for services performed by relators as assessors of property in said county pursuant to allowance of claims of relators by said county board on June 4, 1940. An alternative writ of mandamus was issued. Trial was had, and from the judgment of the trial court denying the writ relators appeal.

The answer of respondents admits that the relators are duly elected and qualified assessors in and for Lancaster county, and are entitled to compensation for services performed by them in the amount provided by law; that relators and each of them filed their separate claims for their services so performed; admits that the same were verified and approved by the county assessor of Lancaster county, Nebraska, and that at a meeting of the board of county commissioners of said county on June 4, 1940, all of said claims were allowed; admits that Ira Miller, as chairman of the board of county commissioners of Lancaster county, refused to sign said warrants.

The only defense presented by the answer of respondents is that on June 11, 1940, the county board reconsidered and rescinded their action of June 4, 1940, allowing claims of relators and deferred further action on said claims until an appeal on a similar claim in favor of Adolph Lebsack for compensation for his services as assessor had been determined in the district court for Lancaster county; that the county clerk of said county had notified all of the respondents by letter on June 13, 1940, of the action taken by said commissioners on June 11, 1940.

At the trial the parties stipulated as to the facts. The facts stipulated, so far as pertinent to a decision of questions involved herein, are: That relators claims were allowed on June 4, 1940; that warrants were drawn in payment thereof, which were signed by the county clerk and his deputy, and that Ira Miller, chairman of the board of county commissioners, refused to sign said warrants; that said warrants are now in the possession of the county clerk, complete with the exception of the signature of Ira Miller as chairman of said board and the county seal; that on June 11, 1940, the minutes of the county board show the following action was taken: "Moved by Johnson that board reconsider the allowance of all claims allowed on Tuesday, June 4, 1940, in payment of assessors with the exception of the Adolph Lebsack claim which has been appealed to the district court." The motion was carried, and then it was "Moved by Johnson that further action on assessors' claims be deferred until this board gets a decision on the Adolph Lebsack appeal." This motion was carried.

Prior to said action of the board on June 11, no notice was given relators that the county board had fixed said time to reconsider their action of June 4 in allowing their claims, or that any such action would be taken. After said action had been taken by the county board, each of the relators received a letter from the county clerk dated June 13, 1940, advising them of the action taken by the board at the meeting held June 11. On June 17, 1940, no appeal having been taken from the allowance of relators' claims,

they made written demand upon respondents to execute and deliver to each of them a warrant for the amount allowed by the board. On June 19, 1940, the respondents not having complied with said demand, this action was commenced by relators. On the same day that this action was commenced the county clerk was directed by the chairman of said board to send a notice in the following form to each of the claimants: "Dear Sir: I am directed by the board of county commissioners to notify you that at the next regular meeting of the county board to be held next Tuesday, June 25, 1940, at 9 a. m., further consideration will be given to your claim for $_____, same being Claim No. _____. Yours very truly, J. B. Morgan, county clerk."

The clerk, after filling in the amount of each claim in the blank left for that purpose, on said day mailed a copy of the same to each claimant. The county board had not at any regular, or adjourned or special session fixed June 25, 1940, to give further consideration to their claims and authorized or directed the clerk to send said notice to the various claimants, but said notices were sent by the clerk solely at the direction of Ira Miller, the chairman of said board. On June 25, 1940, the board, being in regular session, attempted to approve the sending of said notices to claimants and deferred further consideration of their claims until a decision of the district court was had on the Adolph Lebsack case.

Neither the answer of the respondents nor the stipulation of facts in this cause raises any question or issue as to the merits of relators' claims, or the amount thereof, or the propriety of their allowance.

Relators assign as error the finding and decree of the district court that the county board reconsidered its action in allowing the claims of relators, and the denial of a writ of mandamus upon that ground. The contention of relators is that the attempted reconsideration by the county board on June 11, 1940, was void because it was without notice to relators as required by section 26-122, Comp. St. 1929. Sec-

tion 26-122 provides: "The provisions of this article shall not be so construed as to prevent the county board from once reconsidering their action on any claim, upon due notice to parties interested."

Prior to the enactment of that statute, in 1877, 1878, it was held that a county board was without jurisdiction to reconsider or set aside its former action in allowing or disallowing a claim. *State v. Buffalo County,* 6 Neb. 454; *Kemerer v. State,* 7 Neb. 130.

Since the enactment of section 26-122 it.is the settled law in this state that, "Upon due notice to parties interested a county board may once reconsider its action in allowing or disallowing a claim against the county." *Dean v. Saunders County,* 55 Neb. 759, 76 N. W. 450. See, also, *State v. Baushausen,* 49 Neb. 558, 68 N. W. 950. The giving of the notice provided for by the statute is mandatory, and where the giving of such notice has not been waived by the claimant, a county board has no jurisdiction to reconsider its previous action in allowing or disallowing a claim until, at some regular session, or adjourned session, or special session called for that purpose, it has set a time for a hearing for a reconsideration, and given notice to all persons interested of the time of such hearing. The purpose of giving the notice provided for by the statute is that the party or parties interested may attend at the time fixed for the reconsideration and take such steps as they may deem necessary to protect their rights.

The action of the county board on June 11, 1940, reconsidering and setting aside the allowance of the claims of relators, as made on June 4, 1940, being without notice to claimants, relators herein, was without jurisdiction and void. The notice mailed to claimants by the county clerk on June 19, 1940, after the commencement of this action, not having been authorized by the county board at any regular session, or adjourned session, or special session called for that purpose, was without legal effect, and any action taken by the county board thereunder on June 25, 1940, was without jurisdiction and void. *Morris v. Merrell,* 44 Neb. 423, 62 N. W. 865.

The action of the chairman of the county board in directing the county clerk to mail said notices to each of the claimants and of the county clerk was not the action of the board or by its authorization and was of no legal effect.

For the reasons stated, the judgment of the district court must be reversed, and it is unnecessary to consider other alleged errors assigned by relators. The judgment of the trial court is reversed, with directions to issue a peremptory writ of mandamus to respondents commanding them to execute and deliver to each of relators a warrant for the amount allowed each of them by the county commissioners on June 4, 1940.

REVERSED.

KROGER, District Judge, dissenting.

I agree with the majority opinion in all respects, with the exception of the final disposition of the case. Section 26-122, Comp. St. 1929, provides that the county board may once reconsider "their action on any claim, upon due notice to parties interested."

The majority opinion holds that no reconsideration of the claims involved in this case was had because of failure to give notice. I am of the opinion that, since no valid reconsideration has been had, the county board should be given an opportunity to reconsider their original action in allowing the claims and that the case should be remanded, with directions that a writ issue directing the board to take the necessary steps towards reconsideration within a limited time, or in the alternative that the claims be paid.

For the reason given, I respectfully dissent.