J. PAUL HANSEN, APPELLEE, v. CHEYENNE COUNTY, APPELLANT.

297 N. W. 902

FILED MAY 2, 1941. No. 30998.

R. P. *Kepler,* for appellant.

*John H. Kuns, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

In this action the facts are not in dispute. The plaintiff, appellee herein, was county surveyor of Cheyenne county, Nebraska, during all of the period between January 2, 1935, and January 4, 1939. During the month of January, 1935, plaintiff presented to the county board his claim for mileage traveled by him as county surveyor up to that time at the rate of 10 cents a mile. Following the filing of the claim a conference was had between plaintiff and the county board, wherein apparently it was agreed that plaintiff should present his claim for mileage at the rate of 5 cents a mile covering the period for which claim had been filed, and that future claims should be made at the rate of 5 cents a mile. This was done and all claims were made on

this basis, and allowed and paid by the county from January 2, 1935, to January 4, 1939.

The action is by plaintiff to recover an additional 5 cents a mile for the period mentioned, under the theory and claim that the statute fixed the rate of mileage he was entitled to receive as county surveyor, and that he was entitled to receive it in full, notwithstanding an agreement to the contrary with the county board, and notwithstanding an acceptance by him of warrants issued and based on his formal claims for the lesser amount.

The action was commenced by the filing of a claim with the county board on January 17, 1939, for $985.85, being 5 cents a mile for the number of miles traveled as county surveyor during the years 1935, 1936, 1937 and 1938, which was the difference between what he had received and the amount that he was entitled to receive under the terms of the statute. The county commissioners in regular session, on March 7, 1939, disallowed the claim. From the action of the county board an appeal was taken to the district court. The case was tried to the court on a stipulation of facts. A judgment was rendered in favor of plaintiff for the amount prayed for with interest, from which judgment the defendant has appealed to this court.

A determination of this case involves an examination of section 33-119, Comp. St. 1929. This section of the statutes fixes the compensation of county surveyors. In counties having the population of Cheyenne county, the statute provides, among other things, that the county surveyor "shall be entitled to receive the following fees as compensation for his services: For surveying lands and county roads, irregular tracts for entry in the tract book, ditches and drains, cross section surveys on county roads, office work preparing plans, specifications and estimates, drafting county roads and irregular tracts in tract book for the county, per day eight dollars; * * * for each mile actually and necessarily traveled in going to and from work, ten cents." As an alternative or option to the payment of fees as compensation for services, the same section

of the statute provides for the payment of a salary as follows: "Provided, that in any county with a population of less than 50,000 the county board of commissioners or supervisors, may, in their discretion, allow the county surveyor a salary of not to exceed $1,800 per annum, payable monthly, by warrant drawn on the general fund of the county, and all fees received by said surveyors so receiving a salary, shall be turned over to the county treasurer monthly, and shall be credited to the general fund of the county."

The alternative or option was not exercised, and during all of the period in question the appellee operated on the fee basis for compensation for his services as county surveyor.

The appellant admits substantially that the appellee was entitled to his claim and that he was paid only one-half of the amount to which he was entitled as fees for mileage under the statute, but urges that the settlement made between the parties was valid and binding. With this contention that the settlement was valid and binding we cannot agree.

The statute in question, in terms, specifies the schedule of fees for the various services of the surveyor, and equally specifically sets forth that he shall be entitled to receive such fees as *compensation for his services*. The fees thus fixed then become the pay of the county surveyor which has been fixed by the legislature. It is neither subject to change by agreement of the parties nor by voluntary action on the part of the surveyor. This court has repeatedly held that an agreement by a public officer to perform services required of him for a less compensation than that fixed by law is contrary to public policy and void. *Gallaher v. City of Lincoln*, 63 Neb. 339, 88 N. W. 505; *Abbott v. Hayes County*, 78 Neb. 729, 111 N. W. 780; *Dunkel v. Hall County*, 89 Neb. 585, 131 N. W. 973; *Scott v. Scotts Bluff County*, 106 Neb. 355, 183 N. W. 573; *Bishop v. City of Omaha*, 130 Neb. 162, 264 N. W. 447. On this ground a recovery by appellee cannot be denied.

The other ground on which appellant relies for reversal is that, appellee having filed his claims which were acted upon by the county board, and the action not having been appealed from, no action will lie for a recovery of the amount claimed to be due and owing, for the reason that the action of the board in passing on the claims was judicial in its nature.

There can be little, if any, doubt concerning the legal principles involved in a determination of this situation. In a very exhaustive review of all of the prior decisions on the subject, in the opinion in *Mitchell v. County of Clay,* 69 Neb. 779, 96 N. W. 673, it was stated: "County commissioners act quasi judicially in passing upon claims against the county, whenever their action is not merely a formal prerequisite to the issuance of a warrant, but involves the determination of questions of fact, upon evidence or the exercise of discretion in ascertaining or fixing the amount to be allowed." This principle was reannounced in the case of *Red Willow County v. McClain,* 123 Neb. 209, 242 N. W. 423, and is still the settled law of this state on this subject.

It is likewise the settled law of this state that if the claim is one upon which judicial action is required by the county board, the passing upon the claim is a judicial act and unless appealed from cannot be disturbed. *Red Willow County v. McClain, supra.*

In the instance here before the court, was the action required of the county board judicial or ministerial, or in part one and in part the other? There can be no doubt that the rate of fee per mile actually and necessarily traveled involved no question of judicial determination. The rate was fixed by statute and upon the ascertainment of the number of miles traveled the county was in duty bound to pay.

It is equally clear that the matter of ascertainment of the number of miles traveled presented to the board a question for judicial determination. In the opinion in *Red Willow County v. McClain, supra,* it was stated: "But, if

the proper legal interpretation of the statute ruling the particular claim under consideration of the board required the allowance of actual expenses, or of the then current railroad rate, or of the actual mileage necessarily traveled, the determination of the facts in each instance would be a quasi judicial act on the part of the board."

An examination of the pleadings and the stipulation of facts shows conclusively that over the period in question appellee filed 80 separate claims, each of which set forth the mileage traveled over a given period of time. The question of mileage was separately adjudicated as to each claim and warrants drawn, not for the statutory rate of 10 cents a mile, but at the rate of 5 cents a mile.

Having adjudicated the actual mileage necessarily traveled, the judicial function of the board came to an end; the only function remaining being the ministerial duty of applying to the mileage established the rate fixed by statute. This the board failed to do.

It can make no difference that the appellee, in his formal claim, recited a mileage rate of 5 cents a mile, since payment or acceptance of a lesser rate of pay than that fixed by statute was contrary to public policy and void.

It then follows that, since no appeal from the action of the county board was required, on the record presented, the judgment of the district court was correct and should be, and is

AFFIRMED.