GEORGE B. ALLEN, APPELLANT, V. IRA MILLER ET AL., APPELLEES.

6 N. W. (2d) 594

FILED DECEMBER 4, 1942.   No. 31469.

*Max Kier,* for appellant.

*Flansburg & Flansburg* and *Peterson & Devoe, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This is a law action, brought by George B. Allen, one of 27 precinct assessors in Lancaster county, in his own right and as assignee of the other 26 precinct assessors, to recover damages from Ira Miller and Carl O. Johnson as a majority of the members of the board of county commissioners of Lancaster county. The alleged damages arose because certain warrants, issued on claims duly allowed, were withheld by the defendants from the plaintiff and his assignors from June 4, 1940, when the claims were allowed, until February 7, 1941, when the warrants were finally delivered pursuant to a mandate of the supreme court. The alleged damages sued for in this case consist of the interest on each warrant between the dates mentioned. At the close of all the evidence, the trial court sustained the defendants' motion for a directed verdict, and the jury were discharged and the action dismissed.

The petition alleged that the defendants Ira Miller and Carl O. Johnson were duly elected members of the board of county commissioners of Lancaster county, and constituted a majority of said board, and that the American Bonding Company of Baltimore, Maryland, and the Unit-

ed States Fidelity & Guaranty Company were sureties for the above named commissioners respectively.

Plaintiff alleged he was precinct assessor for the year 1940, and on June 4, 1940, his claim for services rendered was allowed in the sum of $360, but that Ira Miller as chairman refused to sign warrant for said claim, and said Miller and Johnson refused to deliver said warrant, and wrongfully compelled the county clerk to withhold said warrant from plaintiff until February 7, 1941, when an order of the supreme court directed such payment. Plaintiff further alleged that, by reason of such withholding of payment, he was damaged in the sum of $14.40, being interest for the period June 4, 1940, to February 7, 1941, and prayed judgment for said amount, with interest, costs of suit and attorney's fee.

Plaintiff then sets out in some 50 pages the detailed claims of each of 26 other precinct assessors for similar interest damages, which have been each duly assigned to him, and all of whose claims for services were allowed, but payment thereof was withheld by commissioners Miller and Johnson, defendants, for said period of June 4, 1940, to February 7, 1941, and plaintiff as assignee prays judgment for the amount of interest in each case, with interest, costs of suit and attorney's fee.

The bonding companies filed answers, admitting the issuance of the bonds, but denying all other allegations, and the defendant Carl O. Johnson denied all allegations except those specifically admitted, and alleged that all acts by him performed in connection with the subject-matter of plaintiff's petition were performed by him in his official capacity as county commissioner and were performed in good faith.

The amended answer of Ira Miller alleged that at the time the various claims of the precinct assessors were filed they failed and neglected to make out an itemized account giving the date of each day in which they were employed as precinct assessors, and to verify the same under oath; that said claims sought the payment by Lancaster

county of $5 for each 8-hour day allegedly worked by each claimant, irrespective of the number of calendar days actually worked, whereas claimants were, by section 33-129, Comp. St. 1929, entitled to a fee of only $5 a day for the time actually and necessarily employed in the duties of their office.

The answer alleged that on June 4, 1940, at a regular meeting of the board of county commissioners, Ira Miller voted against the allowance of such claims, and on the following day he served notice on the county commissioners that he as a taxpayer intended to file an appeal from the allowance of the claim of one Adolph Lebsack, whose claim was similar to and involved the same factual and legal questions as all other claims in plaintiff's petition, and Miller informed the other members of the board of county commissioners that said appeal was a test case to determine the legality of the claims of all precinct assessors of Lancaster county, and said Ira Miller filed said appeal in the district court for Lancaster county.

Plaintiff, in his reply to answer of Carl O. Johnson, sets out that an appeal was taken in said cause to the supreme court, which on December 13, 1940, entered its opinion, found in *State v. Miller*, 138 Neb. 747, 295 N. W. 279, wherein said court held that the act of the answering defendants was void, ineffective and without the authority or discretion of said Carl O. Johnson and the board of county commissioners of Lancaster county.

Plaintiff alleges that on January 23, 1941, judgment was entered by the district court upon the mandate, and that a peremptory writ of mandamus was issued by the district court ordering the issuance and delivery of the said warrants.

It is alleged further by plaintiff that said judgments and determination conclusively establish that the delivery of warrants to plaintiff and his assignors was a mere ministerial duty, and did not involve the exercise of any discretion, and that the defendant Carl O. Johnson had failed in the performance of his ministerial duties; that said judg-

ment is *res adjudicata* of all said issues and findings of fact. A similar reply was filed to allegations of Ira Miller in his amended answer.

At the conclusion of all the evidence, the defendants moved for a directed verdict, and the court held that the acts of defendants in attempting to secure a construction and interpretation of the application of the statute involved were quasi judicial and not ministerial, and the motions of defendants were sustained, the jury discharged, and the petition of plaintiff dismissed.

The former case of *State v. Miller,* 138 Neb. 747, 295 N. W. 279, was constantly referred to in the trial of this case in the district court and in the argument to this court. The facts in the former case show that in 1940 the board of commissioners of Lancaster county had Ira Miller as its chairman, and Carl O. Johnson and Clinton Mitchell were the other two members of the board of commissioners. The precinct assessors of Lancaster county made assessments of the personal property of individual taxpayers in 1940, and filed their claims for services, and these claims were allowed at a regular meeting of the county board, which was on June 4, 1940. The claims total over $8,000. On June 11, 1940, which was one week later, without notice to any of these claimants, and at a regular meeting of the board of county commissioners, the county board sought to reconsider its action which had been taken in regard to these claims. But prior to that action no notice was given to the claimants that the county board had fixed a certain time to reconsider its action of June 4 in allowing the claims, although each claimant received a letter from the county clerk advising him of the action taken. .

It appeared to the objecting members of the county board that, under sections 77-1608 and 77-1612, Comp. St. 1929, precinct assessors shall receive only $5 a day for performing the duties of their office, whereas the claims had been filed on the basis of $5 for each eight hours the precinct assessor had worked, which the defendants claimed made the claims some $2,000 excessive. However, the merits of that

contention were not decided by this court, which held in *State v. Miller*, 138 Neb. 747, 295 N. W. 279:

"A county board may, under the provisions of section 26-122, Comp. St. 1929, once reconsider its action on the allowance of a claim, upon due notice to interested parties.

"A reconsideration of the allowance of a claim by the county board without first fixing a time for a hearing thereon, and giving due notice thereof to interested parties, where notice has not been waived, is without jurisdiction and void."

From an examination of the above case, it appears that the question of the proper basis of pay for precinct assessors was not raised nor discussed by this court in this opinion, which considered only the failure to give sufficient notice before reconsidering claims once allowed.

Constant reference is made in the bill of exceptions and in the argument of counsel to the Lebsack case. It appears from the record that Ira Miller, not as a member of the county board but as a taxpayer, appealed a case against Adolph Lebsack, one of the precinct assessors, for the purpose of determining whether the county board was justified in paying $5 for a day of but eight hours' work. This action was pending in the district court for Lancaster county for more than eight months. The opinion of the supreme court in the case of *State v. Miller*, 138 Neb. 747, 295 N. W. 279, was released on December 13, 1940, which directed that a peremptory writ of mandamus issue to the members of the county board and the county clerk commanding them to deliver said warrants which had been held up. Thereafter the Lebsack case was tried in the district court and determined in favor of Lebsack, from which decision Ira Miller, acting as a taxpayer, and having personally paid the costs up to that time, took no appeal, all of the other precinct assessors having at that time received their warrants.

Ira Miller has insisted that the claims were not itemized or made out according to law. But our court has said: "Though the claim was not, perhaps, in strict compliance

with the law, nevertheless, under our decisions, the board was vested with jurisdiction, regardless of the irregularity of the form in which the claim was presented." *Bartlett v. Dahlsten,* 104 Neb. 738, 178 N. W. 636.

The issue before the court in the case at bar may be narrowed down to the question whether Johnson and Miller, in voting to hold up the delivery of these several warrants, were performing a ministerial act, in which no discretion is involved, or whether it was a judicial act.

Doubtless these members of the county board acted with caution in allowing these large claims filed by these precinct assessors, for the reason that there is a special statute relating to these particular bills, which reads: "Any county board, allowing bills of precinct assessors in cases where the provisions of this section have not been complied with, shall be liable on their bonds for amount of same." Comp. St. 1929, sec. 77-1608. They were required to determine the actual legal number of days worked and then apply the statutory rate of pay to such days, the statutes reading:

"The compensation of the county deputy assessor and the precinct assessor shall be five dollars per day for the time actually and necessarily employed in the discharge of their duties." Comp. St. 1929, sec. 33-129.

"Precinct assessors shall make out their accounts in detail, giving the date of each day which they shall have been employed, which account they shall verify under oath." Comp. St. 1929, sec. 77-1608.

In the early case of *Brock v. Hopkins,* 5 Neb. 231, an action was brought against the clerk of the district court for Otoe county for negligently and carelessly taking insufficient security for stay of execution. Chief Justice Lake was of the opinion that the clerk of the district court does not come within the class of judicial officers who are exempt from liability for damages resulting generally from their acts, but is a ministerial officer, and if he exercises a reasonable degree of care in the performance of his duty he is not liable unless he has wilfully, carelessly or negligently caused damage.

The case of *Hansen v. Cheyenne County,* 139 Neb. 484, 297 N. W. 902, involved the offer of a county surveyor to present mileage claims to the county board for 5 cents a mile instead of the 10 cents allowed him by statute, and this court held that it was contrary to public policy and void for a public officer to agree to perform services for less than the compensation fixed by law. It was held that the ascertainment of the number of miles traveled presented to the county board a question for judicial determination, but that thereafter ascertaining the total amount of the bill by using the rate fixed by law per mile was a ministerial act.

Members of a county board are not ordinarily liable to individuals for their acts in connection with their official powers and duties, for such official acts are not performed in an individual capacity, and statutes imposing liability therefor are in derogation of the common law and to be strictly construed. See 20 C. J. S. 881, sec. 97.

"Where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him he is sometimes called a quasi judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as the result of an erroneous decision, provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption." 22 R. C. L. 485, sec. 163.

"County commissioners act quasi judicially in passing upon claims against the county, whenever their action is not merely a formal prerequisite to the issuance of a warrant, but involves the determination of questions of fact, upon evidence or the exercise of discretion in ascertaining or fixing the amount to be allowed." *Mitchell v. County of Clay,* 69 Neb. 779, 96 N. W. 673. See, also, *Red Willow County v. McClain,* 123 Neb. 209, 242 N. W. 423.

It appears in the instant case that the problem presented to the county board was to decide a disputed question of what was meant by a day, which might be a day of eight

hours, as in some labor contracts, or a calendar day, and this was definitely a judicial question for the board to determine. The members of a county board are not personally liable for damages occasioned by the exercise of their judicial powers except under certain conditions.

The defendants, who were two members of the county board, and a majority thereof, seriously disputed the basis upon which precinct assessors claimed compensation for their work. The claims having been allowed, these defendants attempted to take action for a reconsideration thereof, and this court held they failed to give the proper notice, which did not mean there might not be grounds for a reconsideration on the merits. A case was appealed, and pending that appeal upon this doubtful question the warrants were undelivered, and the precinct assessors brought this action to compel these two defendants to pay as damages the interest accruing during the time this judicial construction of a statute was being submitted to the courts for solution.

This court agrees with the trial court in finding that the question of how a certain statute should properly be construed by the county board was not a ministerial act, but was clearly a quasi judicial act, and for the delay in reaching a solution through the courts the defendants cannot be held liable for the interest on the county warrants held during such delay.

AFFIRMED.