REQUESTED BY: Robert G. Simmons, Jr. Banner County Attorney
1. What is the responsibility and liability of the County Board during the absence of the Sheriff?
1. None.
We have found no statutory duty on the part of the county board to perform the duties of the sheriff during his presence or absence in the county.
The only possible connection we have found between the above question and the sheriff in the sheriff's performance of his duties is Neb.Rev.Stat. 33-118 (Reissue 1978) which provides: `The county board shall furnish the sheriff with such deputies as it shall deem necessary and fix the compensation of such deputies, who shall be paid by warrant drawn on the general fund.' In the case of Grace v. County ofDouglas, 178 Neb. 690, 134 N.W.2d 818 (1965), the Supreme Court of Nebraska, in construing this statute stated: `This statute clearly gives the county board the right to determine the number of deputies a sheriff may employ, and to fix their compensation.'
In regard to the liability of members of the county board in general and specifically as to their discretionary acts, the Supreme Court of Nebraska stated in Allen v.Miller, 142 Neb. 469, 6 N.W.2d 594 (1942):
 Members of a county board are not ordinarily liable to individuals for their acts in connection with their official powers and duties, for such official acts are not performed in an individual capacity, and statutes imposing liability therefor are in derogation of the common law and to be strictly construed. See 20 C.J.S. 881, sect. 97.
 `Where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him he is sometimes called a quasi judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as the result of an erroneous decision, provided the acts complained of are done within the scope of the officer's authority, and without wilfullness, malice, or corruption.' 22 R.C.L. 485, sec. 163.
(Id. at 476).
Furthermore, in 56 Am.Jur.2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 284 it is stated:
 No action lies against a municipal officer in any case for misconduct or delinquency however gross, in the performance of judicial or quasi-judicial duties, and even though the officer may not in strictness be a judge, yet if his powers are discretionary, to be exerted or withheld according to his view of what is necessary and proper, they are in their nature judicial, and he is exempt from all responsibility by action for the motives which influence him, and the manner in which such duties are performed; if corrupt, he may be impeached or removed, but the law will not tolerate an action to redress any individual wrong which may be done. The same principle applies where the duties are legislative, as in the case of members of a municipal council, . . . Where, however, the duty of a municipal officer or employee is plain, certain, and imperative, involving no exercise of discretion, it is generally held that he is answerable for its negligent performance or nonperformance at the suit of any person who is specially injured thereby.
We believe the foregoing sets forth the general responsibility and liability of the county board to your general question. If you wish to give us a more specific question or factual situation, we will be happy to answer you further.
You next ask if the county board is authorized to use its discretion and judgment in paying tuition for the county sheriff to take training, such as emergency medical training, if it is not training included in the courses required under Neb.Rev.Stat. § 23-1701.01 (Supp. 1980)?
Yes.
The county board has the duty to adopt the county budget for the various county officers under the procedures outlined in Neb.Rev.Stat. §§ 23-901 to 23-920, known as the County Budget Act.
Neb.Rev.Stat. § 23-916 (1977) provides that after the adoption of the county budget, `no officer, department or other expending agency shall expend or contract to be expended any money, or incur any liability, or enter into any contract which, by its terms, involves the expenditure of money not provided for in the budget, or which involves the expenditure of any money for any of the purposes for which provision is made in the budget in excess of the amounts provided in said budget for such office, department or other expending agency, or purpose, for such fiscal year. Any contract, verbal or written, made in violation of this section shall be null and void as to the county, and no money belonging thereto shall be paid thereon.'
Thus, the county board through its discretion in the budget document may regulate the funds to be used for other types of training so long as it is training reasonably related to the duties and functions of the sheriff's office.
Hoping this will be of assistance to you, we are,
Very truly yours,
PAUL L. DOUGLAS Attorney General
Mel Kammerlohr Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General