LEE CARD V. DAWES COUNTY.

FILED MAY 5, 1904. No. 13,587.

Counties: AUTHORITY OF COUNTY ATTORNEY. A county is not bound to
    pay for legal services rendered at the instance of the county
    attorney, without the previous authorization or subsequent official
    ratification of the county board.

ERROR to the district court for Dawes county: WILLIAM
H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher,* for plaintiff in error.

*E. M. Slattery, contra.*

AMES, C.

In 1902, Dawes county seems to have engaged exten-
sively in the business of the foreclosure by the county, as
plaintiff, of delinquent tax liens upon real property situate
within its territorial limits. The county attorney pro-
cured the plaintiff in error, Card, who was an attorney at
law, to assist him in compiling the data requisite for the
purpose, in a very large number of cases, and in the form-
ulation of pleadings and preparation of notices for pub-
lication necessary to be employed in the foreclosure suits.
It is not disputed that the services so rendered by Card
were of the reasonable value of $150, or that he was as-
sured by the county attorney that the county would com-
pensate him therefor. But the county board is not alleged
to have authorized the employment, or officially, and as
a body, to have subsequently ratified or affirmed it, al-
though some of its members, perhaps while the board was
in session, are testified to have approved of it, if not to
have given assurance of its ratification. That the county

attorney availed himself of this service, and that thus the county may have derived an indirect benefit therefrom, is not disputed, though it is not clear that the county attorney could not or would not have done the work himself, if he had not persuaded Card to do it for him. This is the whole case, as we gather it from the briefs and the record which were submitted without oral argument.

Card presented his claim for the services in question to the county board, by whom it was rejected, and, upon appeal, the district court affirmed their order. From the judgment of affirmance this proceeding is prosecuted. We can discover no error. The county board appears not to have employed the plaintiff in error, or to have authorized his employment by the county attorney, or to have officially ratified the latter. However meritorious the services of plaintiff in error may have been, and that they were largely so is not disputed, his claim for compensation for them from the county appears to have no legal foundation, the mere fact that the county may have benefited from them does not obligate it in a case like the present, in which it had no direct connection with their rendition, and no official opportunity to decline their reception.

It is recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.