JOHN CHRISTNER, APPELLANT, V. HAYES COUNTY, APPELLEE.

FILED MAY 24, 1907.   No. 14,817.

1. County officers have by implication such powers as are necessary to enable them to perform the duties expressly enjoined upon them.

2. County Attorneys: POWERS: EXPENSES. A county attorney, who is

required by law and by the order of the county board to insti-
tute actions for the benefit of the county, may bind the county
to pay the reasonable and necessary expense incident thereto.

APPEAL from the district court for Hayes county:
HANSON M. GRIMES, JUDGE. *Reversed.*

*W. S. Morlan,* for appellant.

*C. A. Ready* and *Starr & Reeder, contra.*

EPPERSON, C.

In 1899 the commissioners of Hayes county directed
the county attorney to institute proceedings to collect
delinquent taxes. In order to ascertain the proper parties
defendant in suits brought for that purpose, the county
attorney requested plaintiff to prepare statements or ab-
stracts showing the names of all persons having an in-
terest in the land in question. Plaintiff furnished the
statements or abstracts requested, and filed his claim there-
for with the county board, where it was disallowed. On
appeal to the district court, judgment was entered for the
county, and plaintiff now presents the case to this court
for review.

An agreed statement of facts discloses that the public
records had been destroyed, and that plaintiff possessed
the only books showing the complete title to the various
tracts of land in that county. The county attorney
agreed that the plaintiff should be paid $3 for each state-
ment, which, it is admitted, was a reasonable charge.
The county board had power to require the county at-
torney to bring actions for the foreclosure of the alleged
liens. Acting officially the county attorney incurred the
indebtedness. This he had the power to do. Appellee con-
tends that the case is ruled by *Card v. Dawes County,* 71
Neb. 788, where it was held: "A county is not bound to pay
for legal services rendered at the instance of the county
attorney without the previous authorization or subse-
quent official ratification of the county board." **We do**

not doubt the soundness of that decision. The services there claimed were professional and such as the county attorney was required to perform. It included, it is true, an investigation of the title to the land there in controversy, but the public records were in existence and the county attorney had access to them. In the case at bar the public records had been destroyed. Plaintiff alone could furnish the necessary information. This he did for a reasonable compensation. His services were not professional. This expense was as necessary to a successful prosecution of the actions as the services of the court officers in filing paper and serving process. Had there been records to which the county attorney had access, our conclusion would be different, for no doubt it is the duty of the county attorney to procure, if possible, without expense to the county, information necessary to the institutions of actions in which the county is interested. But, where it is impossible, the power to make expense therefor is incidental to the power conferred by law, and the order of the board directing the institution of such suits. In *People v. Supervisors*, 45 N. Y. 196, it was held that an attorney could recover for the time and traveling expenses incidental in finding and subpœnaing witnesses. "Public officers have not only the powers expressly conferred upon them by law, but they also possess by necessary implication such powers as are requisite to enable them to discharge the official duties devolved upon them." 23 Am. & Eng. Ency. Law (2d ed.), 364. This court has repeatedly recognized the rule that county officers have such powers as are incidentally necessary to carry into effect those which are granted. *Lancaster County v. Green*, 54 Neb. 98, and cases cited.

Appellee contends that plaintiff's petition fails to state a cause of action, because no contract is alleged to have been made by the county commissioners for the performance of the services. The petition alleges that the defendant (the county) requested the plaintiff to furnish the statements, and agreed to pay therefor, and that in pur-

suance of said agreement plaintiff furnished the statements. This was a sufficient allegation to charge the county.

Appellee further contends that a new cause of action was presented in the district court, wherein plaintiff claims compensation for statements of title, instead of abstracts of title, as designated in his claim filed with the county board. The agreed statement of facts shows that plaintiff furnished the statements set forth in the petition. The identical issue presented to the board was tried in the court on appeal, notwithstanding the erroneous use of the word "abstracts" in his original claim.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.