Scott v. Scotts Bluff County.

FREMONT SCOTT, APPELLEE, V. SCOTTS BLUFF COUNTY, APPELLANT.

FILED JUNE 23, 1921.   No. 21572.

1. **Sheriffs:** DEPUTY SHERIFF: "PUBLIC OFFICER." A deputy sheriff who is appointed by the sheriff to act as jailer is a public officer, and a contract between him and the board of county commissioners by which he agrees to perform the duties of jailer for a different compensation than that fixed by law is against public policy and void.

2. **Officers:** "PUBLIC OFFICER." A janitor of a courthouse is not a public officer, but an employee.

3. **Sheriffs:** JAILER: COMPENSATION. Under the statute, a duly appointed and qualified deputy sheriff who has been selected by his principal to perform the duties of jailer is entitled to $1.50 a day for his services, "where there are prisoners confined in the county jail."

4. **Appeal:** LAW OF THE CASE. Evidence introduced on the second trial of the case examined and found to be substantially the same as that introduced on the first. *Held*, that the rule, the law of the case, applies.

5. **Judgment:** RES JUDICATA. *Res judicata*, the law of the case, and *stare decisis* belong to the same family and have in view the determination of controverted questions of fact and of law.

APPEAL from the district court for Scotts Bluff county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. L. Grimm* and *Morrow & Morrow,* for appellant.

*F. A. Wright* and *Mothersead & York, contra.*

Heard before Morrissey, C.J., Aldrich, Flansburg and Rose, JJ., Allen and Redick, District Judges.

Allen, District Judge.

The plaintiff, Fremont Scott, filed a claim against Scotts Bluff county with the board of county commissioners for $1,684.50 for 1,123 days' services as jailer at $1.50 a day in caring for prisoners confined in the county jail. From an order refusing to allow his claim he appealed to the district court, where the case was tried to the court, a jury being waived, and judgment was entered for the defendant, and Scott appealed to this court, where the judgment was reversed and the case remanded for further proceedings.

On a retrial to a jury before Westover, Judge, sitting for Hobart, Judge, the court directed a verdict for the plaintiff in the sum of $1,964.50, and from judgment thereon this appeal was taken.

September 30, 1913, by a resolution duly adopted, the board of county commissioners employed the plaintiff as "janitor for courthouse, salary $50 per month," and the next day, October 1, 1913, the sheriff duly appointed him "deputy sheriff to act as jailer and to do other work pertaining to the office of sheriff." October 4, 1913, he duly qualified as deputy sheriff and jailer and entered upon the discharge of his duty as jailer on the 7th, the bond reciting that "Fremont Scott has been appointed deputy sheriff and jailer in and for Scotts Bluff county, Nebraska."

1. The defendant does not seriously contend that the services were not performed by the plaintiff as he claims, but it is said that by a contract with the board of county commissioners he was to act as janitor and jailer at $50 a month, that the evidence on the second trial differs from that on the first, and that the rule, the law of the case, does not apply.

On the first trial, Harry Johnson, chairman of the board of county commissioners, testified as follows: "Q. Mr. Johnson, on that day the record shows that Fremont Scott was appointed janitor for the courthouse. Do you know whether or not that contains the complete transaction that was made there that day? A. The record does not show the complete transaction that took place. Q. What was the complete transaction? A. I invited Mr. Scott in the office and asked him if he would take care of the courthouse and jail at $50 a month, and Mr. Scott said he would." On the second trial Johnson testified as follows: "Q. Do you remember the conversation that took place between the commissioner and Mr. Scott at that time? A. I know what the agreement was. Q. What was the agreement? A. Mr. Scott agreed to take care—It was the understanding that Mr. Scott was to take care of the jail and to do the janitor work at $50 a month. Q. And did he agree to that? A. He agreed to that."

We think that the evidence was substantially the same as that introduced on the first trial and that the rule, the law of the case, applies. *Roper v. Milbourn,* 100 Neb. 739.

2. It is provided by section 5738, Rev. St. 1913, that "The sheriff may appoint such number of deputies as he sees fit." It is provided by section 3541 that "The jailer or keeper of the jail shall, unless the sheriff elect to act as jailer in person, be a deputy appointed by the sheriff, and such jailer shall take the necessary oath before entering upon the duties of his office; provided, the sheriff shall in all cases be liable for the negligence and misconduct of the jailer, as of other deputies." And by section 2441: "Where there are prisoners confined in the county jail, one dollar and fifty cents per day shall be allowed the sheriff as jailer."

Under the holding in *Dunkel v. Hall County,* 89 Neb. 585, we think the plaintiff is entitled to recover.

3. It is clear that the plaintiff was duly appointed and qualified as deputy sheriff and acted as jailer, performing the duties claimed by him. It is equally clear that, for the

performance of such duties, he received no compensation save $50 a month as janitor. In view of the fact that this court has repeatedly held that a contract with a public officer to perform the duties of his office for a different compensation than that fixed by law is void, and that it has been so held in this case, the rule, the law of the case, is applicable. *Res judicata,* the law of the case, and *stare decisis* are members of the same family and have in view the final termination of controverted questions of fact and of law. Where a final judgment has been entered on a proved or admitted state of facts, it is conclusive on the parties and their privies, and where this court has declared that a given rule is applicable to a question before it, and the case is brought here a second time, the rule thus announced becomes the law of the case and will not be changed, unless the testimony on the second trial materially differs from that on the first, or there is some other strong reason for adopting a different rule. So, where the court has decided a question of law in another case and a like state of facts is subsequently presented, the rule of *stare decisis* applies and will not be easily changed.

The judgment of the district court is

AFFIRMED.