JAMES R. GRACE, APPELLANT, v. COUNTY OF DOUGLAS, NEBRASKA, APPELLEE.

134 N. W. 2d 818

Filed April 30, 1965. No. 35892.

Pilcher, Howard & Hickman, for appellant.

Donald L. Knowles and William F. Ryan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ.

SPENCER, J.

This is an action brought by plaintiff, James R. Grace, a former deputy sheriff of Douglas County, to recover

the difference between the salary received by him and the minimum statutory salary for full-time deputy sheriffs in Douglas County, a Class 7 county. The trial court found for the defendant and entered an order of dismissal. Plaintiff has perfected an appeal to this court.

The dispute arises because the 1961 Legislature, in a county officers' salary bill, L. B. 373, Laws 1961, c. 96, § 9, p. 326, provided: "The salaries of full-time deputies of the various county offices shall not be less than seventy-five per cent of the county officer's salary." This section, which subsequent to the time involved herein was amended to limit its operation to one full-time deputy, is section 23-1114.09, R. R. S. 1943. It became effective October 9, 1961.

The plaintiff entered the employ of the defendant as a deputy sheriff on February 1, 1959. He was so employed on September 1, 1961, when he was classified as a part-time deputy, which classification he held until his resignation January 15, 1963.

The sheriff of Douglas County testified as follows relative to this change of classification: "Q. What was the reason for the change of the classification of the deputies on September 1, 1961? A. The reason was that there was a law passed by the Unicameral in Lincoln to the effect that all full-time deputies were to receive three-fourths of the pay of the sheriff, in other words if all deputies were to be classified as full-time, regardless of length or responsibility or experience, on longevity, they were to receive three-fourths of my pay, regardless of the longevity. So as to forestall several contingencies, I asked the Board to designate everybody but the chief deputy as a part-time deputy, so as to retain some semblance of order in the office. That was further motivated so as I could keep all the deputies I had rather than have the County Board cutting back on me when I was short of manpower. That was my motivation, that is why I requested the Board to reclassify the deputies. If they were all part-time I seen no motive for anyone

to want to be chief deputy or captain, and the responsibilities that go with that office, which are much greater than that of an ordinary deputy; they require more experience, training and much more know how and much more common sense."

It was stipulated by the parties that the courthouse employees had been on a 5-day, 8-hour-day work week since May 1, 1953. The salary of the sheriff of Douglas County for the time material herein to December 31, 1962, was $9,000, and since January 1, 1963, to January 15, 1963, was $10,000. The evidence is undisputed that the plaintiff, during the period from September 1, 1961, to January 15, 1963, worked at least an 8-hour shift 5 days a week as a part-time deputy sheriff of Douglas County. This was exactly the same work week he and the other deputy sheriffs had observed between the time of his employment as a deputy sheriff and September 1, 1961. The plaintiff's duty, as well as his work week, was exactly the same after the reclassification as it was before. The only change made was his classification as a part-time deputy, and the execution of a new bond designating him as a part-time deputy sheriff.

The only testimony in the record pertaining to the action of the county board, except that contained in the testimony of the sheriff, is a resolution of the county board dated August 8, 1961, fixing salaries for certain county officers effective as of September 1, 1961. The only information therein pertinent herein is the following: "WHEREAS, the Board of County Commissioners have made a careful and thorough study and have decided upon a schedule of annual salaries to be paid the following deputies and assistants under the various county officers.

"THEREFORE, BE IT RESOLVED that the following schedule of salaries shall be paid the herein set out deputies and assistants until further resolution of the Board of County Commissioners, effective as of September 1st, 1961:

|  | "Annually |
|---|---|
| "Chief Deputy Sheriff | $7,500.00 |
| 4 Deputy Sheriff Captains | 6,750.00 each |
| 6 Part Time Deputy Sheriff Sergeants | 6,000.00 each |
| 32 Part Time Deputy Sheriffs | 5,400.00 each" |

We note that this resolution is one on salaries and not on employment. It covered the exact number of employees in the sheriff's office who at that time were employed as chief deputy, deputy sheriff captains, deputy sheriff sergeants, or deputy sheriffs. If there was another resolution providing for the appointment of specific individuals to the posts designated by the salary resolution, it is not a part of this record.

The plaintiff on August 8, 1961, was employed as a deputy sheriff and had been so employed for more than 2 years. We must assume that his original employment had been authorized by the county board. Other than the inferences to be drawn from the evidence set out herein, there is no evidence that the plaintiff's employment as a deputy sheriff was terminated and that he was rehired in a different capacity. The inference to be drawn from this record is that his designation was merely changed from deputy sheriff to part-time deputy sheriff without any change otherwise. The statute provides for deputy sheriffs. Deputy sheriffs have specific statutory duties. We concede the right of the county board to provide a deputy sheriff who will work only part-time and to fix his salary accordingly, but we do not concede its right to merely use the term "part time" to circumvent a legislative mandate on salaries.

Previous to September 1, 1961, the plaintiff and the other deputy sheriffs received an annual salary of $4,800. This salary resolution, therefore, if it embraced the plaintiff, raised his salary $600 while referring to him as "Part Time Deputy Sheriff." This action is for the difference in the salary paid, $5,400, and 75 percent of the salary received by the sheriff for the period between October 9, 1961, and January 15, 1963.

Section 33-118, R. R. S. 1943, provides: "The county board shall furnish the sheriff with such deputies as it shall deem necessary and fix the compensation of such deputies, who shall be paid by warrant drawn on the general fund." This statute clearly gives the county board the right to determine the number of deputies a sheriff may employ, and to fix their compensation. However, this latter right is subject to any statutory minimum or maximum which may be provided.

In Scott v. Scotts Bluff County, 106 Neb. 355, 183 N. W. 573, we held a deputy sheriff was a public officer, and said: "* * * a contract with a public officer to perform the duties of his office for a different compensation than that fixed by law is void, * * *."

In Bishop v. City of Omaha, 130 Neb. 162, 264 N. W. 447, we said: "A public officer who is duly appointed and qualified, and who performs the duties of his office, is entitled to draw the salary therefor as fixed by law; no more and no less."

The crux of this case, therefore, is the use of the term "full-time deputies," in section 23-1114.09, R. R. S. 1943. Websters New International Dictionary (2d Ed.), p. 1018, defines "full time" as follows: "The amount of time considered the normal or standard amount for working during a given period, as a day, week, or month." It is evident that the ordinary meaning of the term and the one we can assume to be embraced within the legislative intent would be the usual working day for the performance of the duties of the particular office. There is no question in this case but that the plaintiff performed exactly the same duties before the attempted change as thereafter, and that the time spent in his employment was equal to or in excess of what was considered full time for the particular office.

The defendant argues that the sheriff was only authorized to hire part-time deputies. If he employed those deputies to work full time, he was exceeding his authority and the county would not be bound by his action. An

office holder has no authority to bind the county in any contract without its approval. Card v. Dawes County, 71 Neb. 788, 99 N. W. 662.

The evidence is undisputed that the sheriff himself asked the county board to designate the deputy sheriffs as part-time deputies in an attempt to avoid the operation of section 23-1114.09, R. R. S. 1943. From his testimony it is obvious that he did not intend to change their duties or working hours in any particular. "Part time" was not defined or limited in any way. His testimony indicates that even at that time he felt that he was short of manpower. The only reasonable inference to be drawn from the testimony is that the county board understood the action and the motives which prompted it because it adjusted the salaries upward although not to the level provided by the statute.

The only conclusion we can draw from the record is that the plaintiff, before and after the enactment of the minimum salary provision, was a full-time deputy sheriff and included within the operation of the provision. We therefore reverse the judgment of dismissal and remand the cause for judgment in conformity with this opinion.

REVERSED AND REMANDED.