FUNERAL DIRECTOR — RESIDENT OF VICINITY — "FULL TIME PERSON" DEFINED The provisions of 59 O.S. 396.12 [59-396.12] (1971), requiring in part that every funeral establishment be operated by a "full time person" holding a valid funeral director's license, do not require a licensed director to reside within the local vicinity of the funeral establishment which such director directs. The "full time person" requirements of this section do not relate directly to actual residency, but rather pertain to the usual working day and devotion of time for the performance of one's duties as a funeral director. The Attorney General has considered your request for an opinion, wherein you ask, in effect, the following question: Under the provisions of 59 O.S. 396.12 [59-396.12] (1971), requiring in part that every funeral establishment be operated by a "full time person" holding a valid funeral director's license, is such director required to reside in the vicinity of the funeral home he directs, or, may such director reside in any part of the State ? Title 59 O.S. 396.12 [59-396.12] (1971), pertaining to funeral establishments, provides in part: "Every funeral establishment must be operated by a full time person holding a valid funeral director's license . . . ." The submitted question appears to essentially ask whether the "full time person" language, above quoted, requires such licensed funeral director to have a permanent residence within the city, town or county in which the subject funeral establishment is located. A review of the various statutory provisions specifically pertaining to embalmers and funeral directors, 59 O.S. 396 [59-396] — 59 O.S. 396.26 [59-396.26] (1971), inclusive, reveals that there is no express statutory definition of the phrase "full time person". Given the absence of such a statutory definition, the rule of statutory construction and interpretation applicable is that such phrases are to be interpreted in their ordinary, everyday sense, and accorded their plain and ordinary meaning. First National Bank and Trust Company of Chickasha v. United States, 462 F.2d 908
(1972), Alfalfa Electric Coop, Inc., v. First National Bank and Trust Company of Oklahoma City, 525 P.2d 644
(1974). The phrase "full time" is defined in Webster's New Collegiate Dictionary at page 464 as: "The amount of time considered the normal or standard amount of working during a given period." This definition appears to generally agree with the definitions provided in a limited number of decisions from other jurisdictions. In the case of Cote v. Bachelder-Worcester Co., 160 A. 101, 85 N.H. 444, it was held that the phrase "full time" refers to the customary period of work, the phrase assuming that a certain number of hours per day or days per week constitute respectively a day's or week's work within a given industry or factory. Similarly, as stated in Grace v. Douglas County, 134 N.W.2d 818, 178 Neb. 690, this phrase was defined as: ". . . T he usual working day for performance of duties of particular office, 'full time' being defined as the amount of time considered the normal or standard amount for working during a given period, as a day, week or month." It is apparent from the definitions above noted that the phrase "full time" is a phrase ordinarily understood to refer to or designate a certain period of time customarily understood within a given industry, occupation or profession to be the usual working day. It additionally appears from a review of the referred definitions that this phrase does not ordinarily contemplate matters pertaining directly to residency or residency requirements. Indeed, from a purely factual standpoint, circumstances could exist wherein one, not residing within the vicinity of the area in which he practices his chosen occupation or profession, may be found not to be a "full time" person in the sense that from his geographical location he would not be devoting the referred customarily understood period of time ("full time") to such occupation or profession. Conversely, it would appear that regardless of one's residency or usual geographical location, one may work on a full time basis at his occupation or profession despite the actual vicinity of his practice. These factual possibilities are noted for the purpose of observing that while local residency requirements may not be required per se in order for one to be a "full time person", local residency could be one of many relevant points to consider in determining if one is a "full time person" as that phrase is ordinarily understood. It should be additionally noted that a review of the various other applicable statutory provisions reveals that while the statutes certainly contemplate the devotion of personal attention and supervision by a duly licensed funeral director, or assistant director, over the conduct of funeral services offered by a funeral establishment, the statutes do not appear to expressly require a licensed funeral director to reside within the vicinity of the funeral establishment he directs. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The provisions of 59 O.S. 396.12 [59-396.12] (1971), requiring in part that every funeral establishment be operated by a "full time person ' holding a valid funeral director's license, do not require a licensed director to reside within the local vicinity of the funeral establishment which such director directs. The "full time person" requirements of this section do not relate directly to actual residency, but rather pertain to the usual working day and devotion of time for the performance of one's duties as a funeral director. (R. THOMAS LAY) (ksg) ** SEE: OPINION NO. 90-596 (1990) (UNPUBLISHED) **