REQUESTED BY: Governor Charles Thone.
1. May a person exceeding the age of 72 years be properly appointed and serve as a member of the Board of Examiners for Professional Engineers and Architects in view of the provisions of Neb.Rev.Stat. § 84-1317 (Supp. 1980)?
2. May a person exceeding the age of 72 years properly serve as a member of a State Board without compensation?
1. No.
2. No.
 I.
Neb.Rev.Stat. § 84-1317 (Supp. 1980) reads in part:
 "Any employee shall be required to retire at the end of the month in which his seventieth birthday occurs, except that with the annual approval of the department concerned and the employee, such employee may continue his or her employment until the attainment of age seventy-two; . . ."
Section 84-1317 has been determined to preclude the hiring of persons over the mandatory retirement age. See Opinion of the Attorney General, 1973-1974 No. 40, page 54. The term `employee,' for purposes of section 84-1317, is defined in Neb.Rev.Stat. § 84-1301 (Supp. 1980) as follows: `Employee shall mean any person or officer employed by the State of Nebraska whose compensation is paid out of state funds. . . .' The above cited material leads us to conclude that the appointment of a person who has exceeded the age of 72 years as a member of a State Board is prohibited.
 II.
Your letter also raised the connected question of whether a person who has exceeded the age of 72 years may serve as a member of a State Board without compensation. Neb.Rev.Stat. § 81-842 (Reissue 1976), establishes the compensation for members of the Board of Examiners for Professional Engineers and Architects. In Scott v. Scotts BluffCounty, 106 Neb. 355, 183 N.W. 573 (1921), the court stated: `. . . [T]his court has repeatedly held that a contract with a public officer to perform the duties of his office for a different compensation than that fixed by law is void. . . .' 106 Neb. at 358. This proposition was reaffirmed in Grace v. County of Douglas, 178 Neb. 690,134 N.W.2d 818 (1965). Thus, any agreement which would permit a member of a State Board to serve in that position for any compensation other than that provided by statute would be contrary to the law of this State. In our opinion having a member of a State Board serve in that position without compensation is prohibited.